**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESLIE BAUMANN,

      Plaintiff - Appellant,

vs.

MARK R. HALL, M.D.,

      Defendant - Appellee.

No. 99-3009
(D.C. No. 98-CV-2126-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.


Plaintiff-Appellant Leslie Baumann appeals from the district court order

granting summary judgment for Defendant-Appellee Mark R. Hall, M.D. Our

jurisdiction arises under 28 U.S.C. § 1291 and we affirm.


Background

Leslie Baumann filed this medical malpractice action against Dr. Hall,

alleging Dr. Hall was negligent in failing to diagnose and treat Ms. Baumann's

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

rare inner ear disorder. Ms. Baumann visited the emergency room after sneezing violently and immediately experiencing sudden hearing loss in her left ear. Dr. Hall examined Ms. Baumann and told her that she had a middle ear infection which could be treated with over-the-counter antihistamines and which should clear up in a few days.

When her symptoms did not abate in a few days, Ms. Baumann went to an ears, nose, and throat specialist who diagnosed a perilymph fistula, a tear of the inner ear membrane. Probably precipitated by the violent sneeze, the perilymph fistula was the cause of her sudden hearing loss. Because the perilymph fistula was not responsive to any treatment, Ms. Baumann suffers permanent hearing loss in her left ear. Dr. Hall concedes that he misdiagnosed Ms. Baumann's condition. Aplt. App., Tab 1 at 2.

Ms. Baumann filed this action against Dr. Hall in federal district court in March 1998. Ms. Baumann hired Timothy Hain, M.D., a neurologist and an ear and hearing specialist, as an expert witness. During Dr. Hain's deposition, he stated that he did not know the standard of care applicable to an emergency room physician. Supp. App., Tab 1 at 103, 111. Dr. Hain subsequently sought to supplement this answer in errata sheets, but he still did not allude to a "standard of care" for an emergency room physician. Mot. to Correct Supp. App. Based on this deposition testimony, counsel for Dr. Hall filed a motion for summary

judgment, which the court granted in October 1998.  Aplt. App., Tab 1 at 12.

Plaintiff's counsel immediately filed a Motion to Alter or Amend the Court's

Judgment, arguing that there had been a miscommunication between Plaintiff's

counsel and the judge regarding the amount of time Plaintiff's counsel would

have to find a new expert.  The district court denied Plaintiff's motion.  Minute

Order (Dec. 2, 1998).

On appeal, Plaintiff-Appellant Ms. Baumann argues that (1) the district

court improperly granted summary judgment for Defendant-Appellee Dr. Hall

because Dr. Hain was qualified to give expert testimony regarding the standard of

care to which Dr. Hall should be held; and (2) that the district court improperly

denied Plaintiff's Motion to Alter or Amend the Court's Judgment.


Discussion

We review a grant of summary judgment de novo.        EEOC v. Horizon/CMS

Healthcare Corp.   , 220 F.3d 1184, 1190 (10th Cir. 2000).  Summary judgment is

appropriate only if "there is no genuine issue as to any material fact and . . . the

moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.      56(c).

In order to conduct this de novo review, "we must necessarily review the

materials before the district court."     Sanpete Water Conservancy Dist. v. Carbon

Water Conservancy Dist.   , 226 F.3d 1170, 1175 (10th Cir. 2000).  In this case, the

- 3 -

appendices do not contain certain essential items, specifically, Dr. Hall's motion for summary judgment and supporting memorandum, Ms. Baumann's response, and Dr. Hall's reply. Our rules require these items. <u>See</u> 10th Cir. R. 10.3(A); 10.3(D)(2); 30.1(A)(1) (incorporating requirements of 10th Cir. R. 10.3 for contents of an appendix). Specifically, 10th Cir. R. 10.3(D)(2) provides that "[w]hen the appeal is from an order disposing of a motion or other pleading, <u>the motion</u>, relevant portions of affidavits, depositions <u>and other supporting documents</u> filed in connection with that motion or pleading <u>must be included</u> in the record." (emphasis added). Ms. Baumann has failed to provide us with the necessary materials to conduct our de novo review. "An appellant who provides an inadequate record does so at his peril." <u>Dikeman v. Nat'l Educators, Inc.</u>, 81 F.3d 949, 955 (10th Cir. 1996).

Nor can we evaluate Ms. Baumann's contention that the district court erred in refusing to grant her Motion to Alter or Amend the Court's Judgment. Ms. Baumann asks for relief pursuant to Federal Rule of Civil Procedure 59(e) and/or, in the alternative, pursuant to Federal Rule of Civil Procedure 60(b). [1]

---

[1] Ms. Baumann's original motion also requests relief in the alternative pursuant to D. Kan. Rule 7.3. However, the memorandum filed in district court in support of this motion omits any mention of D. Kan. Rule 7.3, nor was the issue briefed on appeal. "Arguments inadequately briefed in the opening brief are waived." <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 679 (10th Cir. 1998); <u>see also</u> Fed. R. App. P. 28(a)(9). We therefore hold that Ms. Baumann waived this issue on appeal.

Our standard of review under either Rule 59(e) or Rule 60(b) is for an abuse of discretion.  Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (Rule 59(e));  Servants of the Paraclete v. Does, I-XVI, 204 F.3d 1005, 1009 (10th Cir. 2000) (Rule 60(b)).

We lack an adequate record to review any exercise of discretion.  A telephonic motion hearing was held by the district court on the motion.  A minute order denying the motion states that the motion "is denied as set forth in full on the record."  Minute Order (Dec. 2, 1998).  We do not have that record before us, nor do we have any other court-authored document that sets out the court's reasons for denying this motion, contrary to 10th Cir. R. 10.3(C)(3) and 30.1(A)(1).

The court is not required to remedy this problem and may decline to hear the issues presented in the appeal.  See 10th Cir. R. 10.3(B).  Because we lack an adequate record to consider these issues, the judgment of the district court is

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge