319 F.3d 1207
 UTAHNS FOR BETTER TRANSPORTATION; Ross C. "Rocky" Anderson, in his official capacity as Mayor of Salt Lake City, Utah; Paul C. Hunter; Rosemarie M. Hunter, Plaintiffs, and
Sierra Club, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF TRANSPORTATION; Norman Mineta, Secretary, United States Department of Transportation; Federal Highway Administration; Mary E. Peters, Administrator, Federal Highway Administration; David Gibbs, Division Administrator of the Utah Division of the Federal Highway Administration; U.S. Army Corps of Engineers; Michael J. Conrad, Colonel, District Engineer of the Sacramento District; Brooks Carter, Chief of the Intermountain Regulatory Section; Federal Transit Administration; Jennifer L. Dorn, Administrator of the Federal Transit Administration; Lee Waddleton, Regional Administrator of the Federal Transit Administration and his successor, Defendants-Appellees.
State of Utah; Utah Department of Transportation, Intervenors. Utahns for Better Transportation, Plaintiff-Appellant, and
Ross C. "Rocky" Anderson, in his official capacity as Mayor of Salt Lake City, Utah; Sierra Club; Paul C. Hunter; Rosemarie M. Hunter, Plaintiffs,
v.
United States Department of Transportation; Federal Highway Administration; Mary E. Peters, Administrator, Federal Highway Administration; David Gibbs, Division Administrator of the Utah Division of the Federal Highway Administration; U.S. Army Corps of Engineers; Michael J. Conrad, Colonel, District Engineer of the Sacramento District; Brooks Carter, Chief of the Intermountain Regulatory Section; Norman Mineta, Secretary of the United States Department of Transportation; Federal Transit Administration; Jennifer L. Dorn, Administrator of the Federal Transit Administration; Lee Waddleton, Regional Administrator of the Federal Transit Administration and his successor, Defendants-Appellees.
State of Utah; Utah Department of Transportation Intervenor.
Utahns for Better Transportation; Sierra Club; Paul C. Hunter; Rosemarie M. Hunter, Plaintiffs, and
Ross C. "Rocky" Anderson, in his official capacity as Mayor of Salt Lake City, Utah, Plaintiff-Appellant,
v.
United States Department of Transportation; Norman Mineta, Secretary, United States Department of Transportation; Federal Highway Administration; Mary E. Peters, Administrator, Federal Highway Administration; David Gibbs, Division Administrator of the Utah Division of the Federal Highway Administration; U.S. Army Corps of Engineers; Michael J. Conrad, Colonel, District Engineer of the Sacramento District; Brooks Carter, Chief of the Intermountain Regulatory Section; Federal Transit Administration; Jennifer L. Dorn, Administrator of the Federal Transit Administration; Lee Waddleton, Regional Administrator of the Federal Transit Administration and his successor, Defendants-Appellees,
State of Utah; Utah Department of Transportation, Intervenors.
 No. 01-4216.
 No. 01-4217.
 No. 01-4220.
 United States Court of Appeals, Tenth Circuit.
 February 4, 2003.
 
 Craig D. Galli, Michael J. Malmquist, and H. Douglas Owens of Parsons Behle & Latimer, Salt Lake City, Utah, and Robert W. Adler, Professor of Law, University of Utah College of Law, for Plaintiff-Appellant Utahns for Better Transportation; Steven W. Dougherty of Anderson & Karrenberg, Salt Lake City, Utah, for Plaintiff-Appellant Ross C. "Rocky" Anderson; Patrick Gallagher, Alex Levinson and Joanne Spalding, San Francisco, California, and Joro Walker of Land and Water Fund of the Rockies, Salt Lake City, Utah, for Plaintiff-Appellant Sierra Club.
 Thomas A. Mitchell, Assistant Attorney General, State of Utah, and Margaret N. Strand of Venable, Baetjer, Howard & Civiletti, LLP, Washington, D. C., for Appellee State of Utah.
 Stephanie Tai, Attorney, Department of Justice, Washington D.C., April Marchese and Edward Kussy, Federal Highway Administration, Washington D.C.; and Dinah Bear, Council on Environmental Quality, Washington, D.C., Of Counsel, for the Federal Appellees.
 Before KELLY, Circuit Judge, BRORBY, Senior Circuit Judge, and HARTZ, Circuit Judge.
 ORDER ON PETITION OF THE UNITED STATES FOR LIMITED PANEL REHEARING 305 F.3d 1152
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 The Federal Appellees have petitioned for limited panel rehearing in Utahns for Better Transp. v. United States Dep't of Transp., 305 F.3d 1152 (10th Cir.2002). In particular, they urge the court to revise part I.P of the opinion, 305 F.3d at 1184-85, holding "that the COE and the FHWA erred to the extent they allowed UDOT or contractors hired by UDOT to prepare the FEIS." 305 F.3d at 1186. Upon consideration thereof,
 
 
 2
 1. Although the Legacy Parkway is not federally funded, the Federal Appellees argue that the FHWA (in its own right) may rely upon the UDOT or its contractors to prepare the FEIS pursuant to the "state agency" exception in 42 U.S.C. § 4332(2)(D). They argue that (1) with respect to the FHWA, the federal action requiring NEPA compliance is FHWA approval of interstate access for the Legacy Parkway, 23 U.S.C. § 111(a), and that approval relates back to federally funded interstate projects, and (2) the approval process for interstate access is funded under a program of grants to the states, 23 U.S.C. § 104(a). They submit that the regulations recognize that a state applicant may prepare an EIS, 23 C.F.R. § 771.109(c)(1), and may select a consultant to assist, 23 C.F.R. § 771.123(d). Even if the "state agency" exception did not apply, they further argue that nothing prevents the UDOT from being a "joint lead agency" with the FHWA under applicable CEQ and FHWA regulations. 40 C.F.R. § 1501.5(b). Finally, the Federal Agencies argue that Sierra Club v. United States Army Corps of Engineers, 701 F.2d 1011 (2d Cir.1983) and AWARE v. Colo. Dep't of Transp., 153 F.3d 1122 (10th Cir.1998), should not have been relied upon by the court.
 
 
 3
 2. Briefly, the Appellants contend that the COE as a permitting agency (rather than the FHWA) cannot rely upon an EIS prepared by UDOT because the "state agency" exception does not apply given the rationale of Sierra Club and because the EIS is a product of inadequate federal oversight. They point out that the federal action of primary importance for NEPA purposes is the COE decision on the § 404 permit, not the FHWA approval of interstate access, or the process resulting in such approval. They take issue with the Federal Appellees' attempt to distinguish Sierra Club as both untimely and without merit. Finally, they dismiss the claim that the FHWA was a "joint lead agency" as a post-hoc rationalization, not supported by the record and an impermissible attempt to argue in a rehearing petition what should have been argued in a prior brief.
 
 
 4
 3. Ordinarily, we do not address issues or arguments raised on rehearing that a party should have addressed in prior briefing. Fed. R.App. P. 40(a)(2); Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000); Sierra Club v. Hodel, 848 F.2d 1068, 1100-01 (10th Cir.1988); Grubb v. FDIC, 833 F.2d 222, 231 (10th Cir.1987). That is particularly true where those issues or arguments on rehearing take a much different tack than what was presented in the response brief. Compare Aplee. Reh'g Pet. at 13 (criticizing court's reliance on AWARE) with Aplee. Br. at 81 n. 56 (urging reliance upon AWARE). Our holding in the context of the issue presented for decision in part I.P of our opinion is that the COE and the FHWA erred to the extent they allowed UDOT or contractors hired by UDOT to prepare the FEIS to be used by the COE to issue a § 404(b) permit. Whether the "state agency" exception of NEPA, 42 U.S.C. § 4332(2)(D), was available to the FHWA in its own right (as distinguished from the COE) based upon the above arguments, simply was not presented to (or addressed by) the court and we decline to address those arguments now. We do not foreclose future consideration. We modify the proposed opinion by:
 
 
 5
 (1) substituting the following for footnote 12, 305 F.3d at 1185 n. 12:
 
 
 6
 40 C.F.R. § 1506.3 allows a federal agency to adopt another federal agency's FEIS provided that the FEIS meets NEPA standards. We do not address whether this section would allow the COE to use the EIS (based upon FHWA involvement) in this case because the underlying arguments in support of this position were not developed by the Agencies until the rehearing petition. We do not foreclose future consideration of this issue.
 
 
 7
 (2) modifying the first full sentence on page 1186, 305 F.3d at 1186 as follows: Based on the clear language of § 1506.5(c), we hold that the COE and the FHWA erred to the extent they allowed UDOT or contractors hired by UDOT to prepare the FEIS to be used by the COE to issue a § 404(b) permit.
 
 
 8
 In all other respects, the petition for limited panel rehearing is denied.