**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COLUMBIA NATIONAL
INSURANCE COMPANY,

Plaintiff - Appellant,

v.

REROOF AMERICA, INC., an
Oklahoma corporation,

Defendant - Appellee.

No. 01-5184
(D.C. No. 99-CV-877-K)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **BRORBY**, Senior Circuit Judge.

This appeal concerns the duty of Columbia National Insurance Company ("Columbia") to defend its insured, Reroof America, Inc. ("Reroof"), when DM Hotels of Denver ("DM") sued Reroof claiming it suffered damages because Reroof had improperly designed and installed a new roof on a hotel owned by DM.

Columbia, a Nebraska corporation with its principal place of business in Missouri,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

issued a Commercial General Liability Insurance policy to Reroof, an Oklahoma corporation with its principal place of business in Oklahoma, for the policy period of February 21, 1998, to February 21, 1999. The policy provided, *inter alia,* that Columbia would pay Reroof for all monies that Reroof became legally obligated to pay as damages because of "property damage" caused by an "occurrence," and that Columbia "will have the right and duty to defend any 'suit' seeking those damages."

On August 4, 1997, Reroof contracted with DM to design and install a metal roof for a Holiday Inn located in Denver, Colorado. On January 13, 1999, DM filed suit in a state court in Colorado against Reroof and alleged that it had suffered an unspecified amount of damage, which would be established at trial, caused by Reroof's failure to properly design and install the roof. Reroof advised Columbia of the action brought against it by DM, and on February 18, 1999, Columbia wrote Reroof that it was "providing a defense at this time, while reserving our right to a determination of any and all coverage issues." On April 19, 1999, an attorney retained by Columbia wrote Reroof a more detailed letter which stated, in part, that "Columbia has preliminarily assumed defense on the assumption that discovery could establish that there has been physical injury to some Holiday Inn property other than the new roof by reason of that roof." In that same letter, the author thereof also stated that "Columbia is of the opinion that there is no coverage under the policy for the claims asserted by the plaintiff and that developments in the lawsuit will conclusively establish that the obligation to defend and

the obligation to indemnify are precluded. . . ."[1]  Thereafter, counsel for Reroof on

August 17, 1999, responded by letter and asked Columbia to pay its expenses for separate

counsel "because counsel retained by Columbia would face an irreconcilable conflict

between the obligation to represent Reroof and loyalty to Columbia."   On October 11,

1999, in a letter to Reroof, counsel for Columbia wrote "[w]e can now state conclusively

that there is no coverage."  On November 23, 1999, Columbia withdrew its appearance

for Reroof in the action against the latter in the Colorado proceeding, having by that time

filed an action on October 18, 1999, against Reroof for declaratory judgment in the

United States District Court for the Northern District of Oklahoma.  When Columbia

withdrew its representation of Reroof, it apparently relied primarily on the allegations in

DM's complaint and the so-called KLP Report, produced by DM's engineers during

discovery.

By its Second Amended Complaint in its declaratory judgment action, Columbia,

pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57,  requested a declaration that the

policy issued Reroof "did not provide coverage or a duty to defend defendant, Reroof

America, Inc., against the claims filed against it by DM Hotels of Denver" and for "such

additional and other declaratory relief as shall be found to be appropriate under the

---

[1]In the April 19, 1999, letter the author also stated "it is uncertain from the allegations whether plaintiff complains of 'property damage' within the meaning of the policy" and "[w]hether the 'new roof' is damaged, or whether the new roof has caused damage to the underlying roof, other parts of the building, or other property is not stated."

circumstances in prosecuting the action." Jurisdiction was based on 28 U.S.C. § 1332. By answer filed on November 8, 2000, Reroof requested judgment in its favor and against Columbia, and asked that the district court find that "Columbia has a duty to defend and indemnify Reroof in connection with the DM Suit and that Columbia is estopped from denying coverage to Reroof in connection with the DM Suit."

On June 9, 2000, Columbia filed a motion for summary judgment, which motion was denied on November 6, 2000. On February 9, 2001, Reroof filed a motion for summary judgment, which was denied on February 21, 2001. In that order the district court noted that the case had been previously set for trial in March, 2001, and that the "deadlines under the Scheduling Order for amended pleadings and dispositive motions have long since passed." Accordingly, the district court denied Reroof's motion for summary judgment as being "untimely" and, at the same time, struck Reroof's counterclaim as also being "untimely filed." (Reroof's counterclaim is apparently not in the record on appeal.)

After a trial to the court, sitting without a jury, commenced on March 20, 2001, and after each party had submitted proposed findings of fact and conclusions of law, the district court on September 19, 2001, made its findings and conclusions, and entered judgment that Columbia's decision to withdraw from Reroof's defense in the Colorado proceeding "was not justified, and [that] Columbia was, and continues to be, obligated to defend Reroof in the DM Lawsuit."

The central issue in this appeal is whether Columbia had a duty to defend Reroof in the action brought against the latter by DM in the Colorado court. However, in the brief filed by Columbia in this court, there appears to be some suggestion that this is not an appeal from a "final judgment" and that the appeal should, therefore, be dismissed and the case remanded to the district court with directions that it hear, and determine, the coverage and indemnification issue. 28 U.S.C. § 1291. In this regard, Columbia, at least initially, asked the district court for not only a declaratory judgment that it had no duty to defend but also requested a declaration that "the policy does not provide coverage" and asked for indemnification from Reroof. Reroof, in its answer to Columbia's Second Amended Complaint, also asked the district court to find that Columbia had a "duty to defend" and "indemnify" it. Since the district court did not rule on the coverage request, there is, as indicated, the "suggestion" that the district court's judgment is not a "final" judgment, and is, therefore, non-appealable, a final judgment being one that disposes of all claims raised in the district court. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1008 (10th Cir. 2000).

We conclude from the record before us, that we are here concerned with a "final" judgment. Immediately before trial commenced, counsel for Columbia orally moved to withdraw any request for a determination that the policy issued Reroof did not "cover" the damages sought by DM in the Colorado proceeding, counsel apparently being of the view that the "coverage" issue could not be raised until the "underlying action" was

- 5 -

concluded, which at that time had not been concluded. A counterclaim asserted by Reroof was also struck because it was untimely. All things considered, we agree with counsel for both Columbia and Reroof in this Court, each of whom was trial counsel, that the issue of policy coverage and indemnification was, by time of trial, at least, not an issue before the district court and whether there was policy coverage or whether either party was entitled to indemnification from the other, was not in the case at the time of the judgment.

The parties agree that a duty to defend may exist even though it may be later determined that there was, in fact, no policy coverage. This being a diversity case, the substantive law of Oklahoma applies. *Blackhawk-Central City Sanitation Dist. v. American Guar. and Liab. Ins. Co.,* 214 F.3d 1183, 1188 (10th Cir. 2000). In *First Bank of Turley v. Fidelity and Deposit Ins. Co. of Maryland,* 928 P.2d 298, 303 (Okla. 1996), the Supreme Court of Oklahoma held that an insurer had the duty to defend its insured "whenever it ascertains the presence of facts that give rise to <u>the potential of liability</u> under the policy."[2] (Emphasis in original). *See also Midland Mortgage Co. v. United States Fid. & Guar. Co.,* 301 F.3d 1277 (10th Cir. 2002)*; IDG, Inc. v. Continental Cas. Co.,* 275 F.3d 916 (10th Cir. 2001) . In *Midland*, we quoted the above language from *Turley* with approval, and also said, *inter alia,* "[a]ny doubts [about a duty to defend] are

---

[2]In footnote 14 in *First Bank of Turley*, p. 304, "potential liability" was defined as "<u>possibility of a recovery</u> under the policy; there <u>need not be a probability of recovery</u>." (Emphasis in the original).

- 6 -

resolved in favor of the insured." *Midland* at 1280. In *IDG*, we said "[i]f a policy term is ambiguous  - i.e., where it is susceptible to two or more different meanings - 'it will be construed against the insurer'." *IDG* at 921, n. 2. The district court in the instant case concluded that, under the allegations in DM's complaint filed in the Colorado proceeding and the other information available to Columbia, there was "potential coverage" under the policy here involved, and hence a duty on Columbia to defend. The record supports such holding. That the allegations in DM's complaint indicated a "possibility of a recovery" under the policy is evidenced, *inter alia*, by the fact that Columbia initially defended Reroof in that action, reserving a right to deny policy coverage. In our view, the KLP report, later produced by DM's engineers, did not negate that "possibility."

Columbia asserts that, even if it had an initial duty to defend, such duty does not continue *ad infinitum*, and that it was later justified in withdrawing its defense of Reroof. In its order, the district court, citing *Blackhawk,* stated that, while an insured need only show the "potential" for liability in order to establish an insurer's duty to defend, the insurer, to escape its duty to defend, must show that the underlying claim "<u>cannot</u> fall within policy coverage" (emphasis added). *Blackhawk* involved Colorado law, but the district court in the instant case stated it was not persuaded that, in this respect, Oklahoma law differed from Colorado. The record supports the district court's holding that Columbia had not shown that the underlying claim "cannot . . .  fall within policy coverage."

On March 19, 2001, DM filed in the underlying action in Colorado against Reroof a "supplemental disclosure" concerning its damages. It claimed therein that as "a consequence of installing the new roof, Holiday Inn's old roof was irreparably damaged," because nails were drilled into the old roof damaging the old roof and the parapet wall. The supplemental disclosure further stated "as a result of the new roof, Holiday Inn incurred property damage to approximately 37 fan motors" and that as a result of "the heat and odor" caused by a lack of roof ventilation, Holiday Inn lost rental income from 263 rooms.

On the morning the trial of the instant case commenced, March 20, 2001, Reroof asked that a prior pretrial order be amended and that the supplemental disclosure of DM in the Colorado proceeding be admitted into evidence in the trial of this case. The district court allowed such, but first asked Columbia if it desired a postponement of the trial to allow it time to study the new disclosure. Columbia declined that offer. Instead, it asked that its prayer for relief be simply amended to show that it had no duty to defend until that time, i.e., the date the trial commenced, March 20, 2001.[3] We should note here that, after

_____

[3]The duty to defend arose when Reroof tendered the defense of the action against it by DM in the Colorado court to Columbia. At that time, Columbia apparently conceded its duty to defend by entering its appearance on behalf of Reroof, reserving its right to contest coverage. When Columbia eight months later withdrew its appearance for Reroof in the Colorado proceeding after determining to its satisfaction that there was no policy coverage, it did so at its own peril. We agree with the district court that "Columbia's decision to withdraw from Reroof's defense was not justified and Columbia was, and continued to be, obligated to defend Reroof in the DM lawsuit." As previously indicated, Columbia had not shown that there "cannot" be policy coverage. The "potential" was still

(continued...)

the district court entered its judgment in the instant case, Columbia reentered its appearance in the Colorado proceeding and later settled DM's claim against Reroof for approximately $500,000.

In connection with the foregoing, Columbia argues in this appeal that the district court erred in considering the supplemental disclosure made by DM in the Colorado proceeding the day prior to the commencement of trial of the instant case. Under the above described circumstances, we find no error. There was no abuse of discretion, which is our standard of review of the grant, or denial, of a motion to amend a pretrial order. *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1222 (10th Cir. 2000). In *Davey v. Lockheed Martin Corp.,* 301 F.3d 1204 (10th Cir. 2002) we held that the denial of a motion to amend a pretrial order made three days before the commencement of trial was an abuse of discretion, and noted that any possible prejudice or surprise could have been easily removed by a continuance. Here, Columbia declined the district court's offer to continue or stay the trial.

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

[3](...continued)
present.