**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SEAN JAMES,

      Plaintiff-Appellant,

v.

PLATTE RIVER STEEL COMPANY,
INC., a Colorado corporation,

      Defendant-Appellee.

No. 03-1536
(D.C. No. 01-WM-1985 (BNB))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

Plaintiff-appellant Sean James appeals the district court's entry of summary judgment in favor of defendant-appellee Platte River Steel Co., Inc. (Platte River) on his employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. James also appeals the district court's order denying his motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

## I.

James claims that he was sexually harassed by John Groth, a fellow employee,[1] and it is undisputed that Groth's conduct included "jumping on [James'] back; sticking his tongue in [James'] ears; grabbing [James'] crotch and private parts; calling [James] his 'bitch,' and making obscene and vulgar statement[s] with sexual connotations to [James]." Final Pretrial Order at 2 (Aplt. App., Vol. II at 431). As a result of this alleged same-sex sexual harassment, James claims that he was subjected to a hostile work environment and constructively discharged from his employment at Platte River.

Platte River moved for summary judgment on James' claims, arguing that James had insufficient evidence to establish that Groth engaged in conduct that is prohibited by Title VII. Alternatively, Platte River argued that, even if Groth

---

[1] Although the parties dispute whether Groth was a coemployee or James' supervisor, Groth's status in this regard is immaterial to our analysis of the issues raised in this appeal. As a result, we do not need to address Groth's status.

engaged in prohibited conduct, there was no basis for imposing liability on it. Relying on the decision of the United States Supreme Court in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998), the district court agreed with Platte River on the first issue, finding that James had failed to put forth sufficient evidence to support an inference that Groth's conduct was motivated by James' gender. The court therefore concluded that Platte River was entitled to summary judgment on James' hostile work environment and constructive discharge claims, and it dismissed the claims with prejudice.

James filed a timely motion under Fed. R. Civ. P. 59(e) to alter or amend the district court's judgment. The district court denied James' motion, concluding that James had failed to establish a proper basis for relief under Rule 59(e). This appeal followed.

## II.

### A. Summary Judgment Order.

"We review the grant of summary judgment de novo applying the same standard as the district court." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the

nonmovant." *Adler*, 144 F.3d at 670. Having carefully reviewed the record and the pertinent legal authorities, we agree with the district court that Platte River was entitled to summary judgment on James' hostile work environment and constructive discharge claims.

With respect to James' hostile work environment claim, it is well established that

> Title VII's prohibition of employment discrimination based on sex encompasses hostile work environment sexual harassment. This harassment occurs where sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. To form the basis of a claim, the sexual harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Id.* at 672 (quotations and citations omitted). The question presented in this case, however, is whether a hostile work environment claim can be based on same-sex sexual harassment.

In *Oncale*, the Supreme Court addressed the issue of whether "workplace harassment can violate Title VII's prohibition against 'discrimination . . . because of . . . sex,' 42 U.S.C. § 2000e-2(a)(1), when the harasser and the harassed employee are of the same sex." *Oncale*, 523 U.S. at 76. The Court held that "same-sex sexual harassment is actionable under Title VII," *id.* at 82, but the Court was careful to emphasize that the harassment must be tied to gender discrimination. As the court explained,

-4-

Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at " *discriminat[ion]* . . . because of . . . sex." We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Harris [v. Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993)] (GINSBURG, J., concurring).

*Id.* at 80; *accord Riske v. King Soopers,* 366 F.3d 1085, 1091 (10th Cir. 2004).

The Supreme Court also recognized that there are important differences between same-sex and opposite-sex discrimination cases in terms of the inferences that can be drawn from a harasser's conduct. Thus, while "[c]ourts and juries have found the inference of [gender] discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity," *Oncale*, 523 U.S. at 80, the inference is not as easy to draw in a same-sex case. As a result, in *Oncale*, the Court articulated three possible evidentiary routes by which a plaintiff in a same-sex case may prove that "the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted "*discrimina[tion]* . . . because of sex." *Id.* at 81.

First, a plaintiff may show that the harasser was homosexual and motivated by sexual desire. *Id.* at 80. Second, a plaintiff may show that the harassment was framed "in such sex-specific and derogatory terms . . . as to make it clear that the

harasser [was] motivated by general hostility to the presence" of a particular gender in the workplace. *Id.* Third, a plaintiff may "offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Id.* at 80-81.

As other circuits have recognized, we also note that there is "nothing in the Supreme Court's decision [in *Oncale*] indicating that the examples it provided were meant to be exhaustive rather than instructive. The Court's focus was on what the plaintiff must ultimately prove rather than the methods of doing so." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999). The Third and Ninth Circuits, for example, have held that a plaintiff may be able to establish actionable same-sex sexual harassment by showing that the harasser's conduct was motivated by a belief that the plaintiff did not conform to the stereotypes of his or her gender. *See Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 262-63 (3d Cir. 2001); *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 869, 874-75 (9th Cir. 2001).

The district court found that James failed to put forth sufficient evidence to establish that he was harassed by Groth because he is male based on any of the evidentiary routes outlined in *Oncale*, and the court therefore concluded that Platte River was entitled to summary judgment on James' hostile work environment claim. *See* Aplt. App., Vol. III at 672-76. We agree with the

-6-

thorough analysis set forth in the district court's summary judgment order. We also note that James has made no showing that Groth harassed him due to the fact that he failed to conform to gender stereotypes. To the contrary, James testified at his deposition that he had "no clue" why Groth singled him out for harassment. *Id.*, Vol. II at 234. James also testified that he was never told by any fellow employees at Platte River that he dressed or acted like a woman. *Id.*

Because James has failed to show that a genuine issue of material fact exists as to his hostile work environment claim, we also agree with the district court that James cannot rely on a hostile work environment theory to support a constructive discharge claim. *Id.*, Vol. III at 677 n.5. The district court therefore properly entered summary judgment on James' constructive discharge claim.

Finally, we note that James is claiming that his hostile work environment claim is not subject to *Oncale* because he has asserted a "macro" theory of sexual harassment liability based on Platte River's alleged long-standing practice of tolerating male-on-male sexual harassment in the workplace. According to James, the primary focus of this case should thus be on Platte River's conduct, not Groth's, and he claims that it is "of little or no consequence" whether he can make one of the evidentiary showings required by *Oncale*. *See* Aplt. Br. at 22.

James' arguments are without merit. Regardless of whether Platte River has a history of employing male employees who sexually harass other male

-7-

employees, James must still establish that he was personally discriminated against because of his gender. As the district court found, James failed to put forth sufficient evidence to make such a showing with respect to the conduct of Groth. [2] Moreover, while it certainly appears that the general work atmosphere at Platte River was awash with childish and boorish behavior, James failed to put forth sufficient admissible evidence to establish, under *Oncale*, that he was unlawfully discriminated against "because of sex" based on the general work atmosphere at Platte River. We therefore reject James' claim that the district court erred by failing to consider other alleged incidents of male-on-male sexual harassment involving other Platte River employees.

**B. Order Denying Rule 59(e) Motion.**

In his motion to alter or amend judgment, James argued that he was entitled to relief under Rule 59(e) because: (1) there was an intervening change in the controlling case law; (2) one of his attorneys had previously abandoned the case without any prior warning and left his current attorney, Richard Blundell, to handle the case by himself; (3) Platte River failed to disclose relevant evidence

---

[2] In fact, James conceded in his Rule 59(e) motion that "it . . . matters little whether [Groth] harassed [James] out of sexual desire because he was homosexual or otherwise, or due to a general hatred of males in the workplace, or for another reason. *Indeed, it seems obvious that such motives did not inspire . . . the harassment of [James], and James has not argued that they did*." Aplt. App., Vol. III at 696 (emphasis added). Under *Oncale*, these admissions are fatal to James' claim that Groth discriminated against him because of his gender.

-8-

and made misrepresentations to the district court; (4) Mr. Blundell omitted references to certain relevant deposition transcripts in the responses that he filed to Platte River's summary judgment motion; (5) the district court failed to take judicial notice of a court file concerning a same-sex sexual harassment lawsuit that was filed against Platte River in 1995 by another male employee; and (6) the district court failed to consider other relevant evidence and hold an evidentiary hearing regarding the motion for summary judgment.

We review the district court's denial of James' Rule 59(e) motion for an abuse of discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* As accurately summarized by the district court, it is also well established that a party may obtain relief from a judgment under Rule 59(e) in only a limited set of circumstances.

> A motion to alter or amend a judgment pursuant to Rule 59(e) should be granted only to address: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.*

Aplt. App., Vol. III at 789-90.

Having carefully reviewed James' Rule 59(e) motion, the brief James filed in this appeal, Platte River's response briefs, and the district court's order denying James' motion, we conclude that the district court did not abuse its discretion in denying James' motion. Specifically, we agree with the district court that: (1) James failed to demonstrate that there was an intervening change in the controlling case law; (2) James failed to submit any qualifying new evidence; and (3) James failed to establish a need to correct a clear legal error or prevent manifest injustice. *Id.* at 790-94.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge