DENNIS, Circuit Judge, concurring in part, dissenting in part:
I CONCUR in the treatment of the retaliation claim in Part III of the majority opinion, but I respectfully DISSENT from Parts I and II of the majority opinion.
The summary judgment record reflects that, over a period of a year-and-a-half when Love and Sirey were co-workers at Motiva’s Norco refinery, Sirey repeatedly rubbed her breasts and groin area against Love’s legs and upper body; touched Love under her bra and underwear straps while she was otherwise undressed; requested sexually-charged “favors” from Love on numerous occasions while, at times, fondling her own body; attempted to kiss and hug Love; complimented Love on her good looks; and stalked and touched Love at company functions and at Love’s work station. Separately, Sirey was seen intimately kissing another woman and overheard referring to herself as “gay.” Yet the majority concludes that Love’s claim for same-sex sexual harassment does not *906 survive summary judgment because Sir-ey’s alleged advances were canceled out “when considered in the context of Sirey’s rude and obnoxious persona ... and her overall insulting and intimidating attitude toward Love,” maj. op. at 903, and because Love did not “show ... that Sirey is homosexual[,]” id. at 904.
I respectfully disagree with the majority’s legal premises and factual determinations. First, the majority misreads the test for same-sex sexual harassment that the Supreme Court announced in Oncale v. Sundowner Offshore Services., Inc., 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). My colleagues erroneously conclude that Sirey’s mixture of amours and animosity cannot amount to sexual harassment unless, as a threshold, the plaintiff first establishes Sirey’s homosexuality. Second, the majority’s weighing and resolving of competing inferences is inappropriate in a federal court’s decision of a motion for summary judgment. Love has demonstrated that there are genuine issues of material fact as to whether Sirey harassed Love “because of sex” and whether that harassment amounted to a hostile work environment. Accordingly, Motiva is not entitled to summary judgment.
I.
In Oncale, the Supreme Court held that “nothing in Title VII necessarily bars a claim of discrimination ‘because of ... sex’ merely because the plaintiff and the defendant (or the person charged with acting on behalf of the defendant) are of the same sex.” Id. at 79, 118 S.Ct. 998. The “critical” inquiry for any sexual harassment claim, the Court explained, “is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.” Id. at 80, 118 S.Ct. 998 (quotation marks and citation omitted). In the context of a same-sex sexual harassment claim, this means the plaintiff “must always prove that the conduct at issue ... constituted ldiscrimina[tion] ... because of ... sex.’ ”[1] Id. at 81, 118 S.Ct. 998. After setting forth this standard, the Court provided three examples of how a plaintiff might go about proving discrimination because of sex:
Courts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the same sex. The same chain of inference would be available to a plaintiff alleging same-sex harassment, if there were credible evidence that the harasser was homosexual. But harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. A trier of fact might reasonably find such discrimination, for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the *907 workplace. A same-sex harassment plaintiff may also, of course, offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.
Id. at 80-81, 118 S.Ct. 998. In my opinion, the majority misreads Oncale’s examples, not merely as typical instances of proof, but as rigid formulae by which every same-sex sexual harassment claim must survive or perish. Maj. op. at 902. But nothing in Oncale suggests that the Court intended them to be anything other than non-exhaustive, instructive illustrations— announced by the use of “for example”— by which a plaintiff might show same-sex sexual harassment. As the Seventh Circuit Court of Appeals explained:
The Court’s focus was on what the plaintiff must ultimately prove rather than the methods of doing so. Indeed, the Court has previously made clear that the means of proving discrimination cannot be reduced to rigid formulae. See O’Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311-13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) [ (age discrimination) ]; Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978) [ (race discrimination) ]. What matters, then, is not whether the facts that [the plaintiff] has alleged correspond exactly to any of the examples the Supreme Court has identified, but whether a reasonable factfinder could infer from those facts that [the plaintiff] was harassed “because of’ his sex.
Shepherd v. Slater Steels Corp., 168 F.3d 998, 1009 (7th Cir.1999).[2] Therefore, On-cale does not require that a plaintiff show that a same-sex harasser was either amorously motivated or homosexually oriented, as the majority opinion seems to suggest: rather, she need merely show that she was harassed “because of sex.”
II.
Moreover, Oncale made abundantly clear that, for a plaintiff to prove that she was sexually harassed, she need not show that the harasser was “motivated by sexual desire.” Oncale, 523 U.S. at 80, 118 S.Ct. 998. Therefore, the majority’s determination that Love’s allegations could not “support an inference of [homo]sexual attraction and implicit proposals for sex” because of Sirey’s accompanying derogatory and insulting language, maj. op. at 902-03, is mistaken because it rests on the faulty premise that an abuser must focus on his victim in a desirous or lustful way.[3] *908 Whether it is Sirey’s clearly sexually motivated advances such as, for example, the rubbing of her private parts on Love’s body or her insults and put-downs such as “sorry excuse for a woman,” “fat cow,” “bitch,” “failure as a woman,” “useless as a woman,” and “[y]ou think that’s a body you have,” they were all aimed at Love as a woman, i.e., “because of sex.” For this reason alone, I believe that Love has established a submissible case that Sirey abused her “because of sex.”
Further, the majority’s weighing and resolving of factual disputes is inappropriate in a federal court’s decision of a motion for summary judgment. Where the summary judgment record supports competing versions of events, as is the case here, it is the “factfinder [who] ultimately will have to decide which side has the greater weight of the evidence.” La Day v. Catalyst Technology, Inc., 302 F.3d 474, 480 (5th Cir.2002). The majority’s conclusion that “Sirey’s conduct is more indicative of humiliating or bullying behavior[,]” maj. op. at 903 (emphasis added), is just one of many reasonable interpretations of the summary judgment evidence.[4] But, as this court observed in another case where a same-sex harasser engaged in conduct from which one could infer an intent to embarrass and an intent to solicit sex: “[i]t is certainly possible that [the harasser] was simply trying to humiliate [the plaintiff] for reasons unrelated to any sexual interest.... [But w]hen we view the summary judgment evidence in the light most favorable to [the plaintiff] ... [,] there is credible evidence that [the harasser] ... was making sexual advances.” Id.[5]
III.
Contrary to the district court, I think Love demonstrated that there is also a genuine issue as to the material fact of whether Sirey’s harassment of Love because of her sex created a hostile work environment for her. To constitute a hostile work environment, the alleged harassment must be “severe or pervasive,” La Day, 302 F.3d at 482 (quotation marks omitted), judged from the viewpoint of a “reasonable person in the plaintiffs posi *909 tion,” Oncale, 523 U.S. at 82, 118 S.Ct. 998, and perceived as such by the victim, Butler v. Ysleta Indep. Sch. Dist., 161 F.3d 263, 269 (5th Cir.1998) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)). A court’s analysis of whether or not harassment is severe or pervasive must “consider[] all circumstances,” Oncale, 523 U.S. at 81, 118 S.Ct. 998, “including the ‘frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating ...; and whether it unreasonably interferes with an employee’s work performance.’ ” Faragher, 524 U.S. at 787, 118 S.Ct. 2275 (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 23, 114 5.Ct. 367, 126 L.Ed.2d 295 (1993)). There is no doubt that Sirey’s advances were subjectively offensive to Love and would have been found to be objectively offensive by a reasonable person in her shoes; as the majority correctly states, Sirey’s conduct was also “humiliating”; various of Sirey’s verbal assaults were “threatening”; and there is significant evidence to create at least a factual issue as to whether the harassment interfered with Love’s work performance. Accordingly, Love has demonstrated that there is a genuine dispute as to the material issue of whether she was subjected to a hostile work environment.[6]
Therefore, because a reasonable jury could return a verdict for the non-movant on the issues of whether Love was harassed because of sex and whether she was subjected to a hostile work environment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), I respectfully DISSENT from Parts I and II, while concurring in Part III, of the majority opinion.

. Love’s allegations fall within the category of “hostile or abusive working environment” sexual harassment. Harvill v. Westward Commc’ns, LLC, 433 F.3d 428, 434 (5th Cir.2005). When the alleged harasser is a coworker (as opposed to a supervisor), see Woods v. Delta Beverage Group, Inc., 274 F.3d 295, 298 n. 2 (5th Cir.2001), a hostile work environment claim requires a prima facie showing that the plaintiff is a member of a protected group; was the target of sexual harassment; the harassment was based on sex; the harassment affected a "term, condition or privilege” of the plaintiff’s employment; and the plaintiff's employer knew or should have known about the harassment but failed to remedy it, Harvill, 433 F.3d at 434 (citing Woods, 274 F.3d at 298).

. See also, e.g., Pedroza v. Cintas Corp., 397 F.3d 1063, 1068 (8th Cir.2005) (describing the list of evidentiary routes as "non-exhaustive”); James v. Platte River Steel Co., 113 Fed.Appx. 864, 867 (10th Cir.2004) (unpublished) (“As other circuits have recognized, we also note that there is nothing in the Supreme Court's decision in Oncale indicating that the examples it provided were meant to be exhaustive rather than instructive.” (brackets, quotation marks and citation omitted)); Clare Diefenbach, Same-Sex Sexual Harassment After Oncale: Meeting the "Because of ... Sex" Requirement, 22 Berkeley J. Gender, L. & Just. 42, 74 (2007) (“Oncale does not require that a plaintiff prove his or her case under one of the three evidentiary routes described in that opinion. First, the holding of Oncale is simply that same-sex sexual harassment is actionable under Title VII as a form of sex discrimination!.] Second, in its discussion the Court does not assert that same-sex sex discrimination can be found only under one of its described routes.”).

. The majority ignores that love-hate relationships, for example, are quite common and well documented. See, e.g., Marianne C. Del-Po, The Thin Line Between Love and Hate: Same-Sex Hostile-Environment Sexual Harassment, 40 Santa Clara L.Rev. 1, 1-2 (1999) (“Since cross-gender hostile-environment sexual harassment has been deemed illegal whether the harasser desires or hates his victim, so too must same-sex hostile-environment harassment be actionable under Title VII in either situation.”); Diefenbach, supra note 3, at 75 (observing that often, "for exam- *908 pie, ... men will torment each other, but not women, in sexual ways as a means of emasculating or humiliating the victim”).

. Sirey's insults and threats do not disprove her earlier acts of sexual discrimination but instead tend to corroborate them by showing that she was angry over Love's rejection of her advances. See La Day, 302 F.3d at 480 ("[L]ater hostility ... plausibly could be interpreted as anger over [the plaintiff's] rejection of [the harasser's] sexual advances.”).

. Motiva does not raise the affirmative defense that "(1) it exercised reasonable care to prevent and correct promptly any such sexual harassment, and (2) [Love] unreasonably failed to take advantage of any preventive or corrective opportunities provided by [Motiva] or to avoid harm otherwise.” La Day, 302 F.3d at 483 (quotation marks and brackets omitted).