F I L E D
**United States Court of Appeals
Tenth Circuit**

**April 28, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN KURT BAUGHMAN,

     Plaintiff-Appellant,

v.

RON WARD, MELINDA GUILFOYLE;
RANDALL G. WORKMAN, Warden;
RANDALL L. COOK; DEBRA
LOHMAN; RANDALL, Sergeant;
DENNIS COTNER; BRADLEY PAYAS;
MICHAEL JACKSON; PAUL
JOHNSON; DAYTON J. POPPELL,
Warden; SANDRA ATWOOD; J. L.
GREGSTON; MARK FOGLE; JOHN
DOE; JANE DOE,

     Defendants - Appellees.

No. 05-6271

(D.C. No. CIV-02-896-T)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

     Steven Baughman, appearing pro se, appeals from the district court's denial of his

motion to file an appeal out of time. We exercise jurisdiction pursuant to 28 U.S.C. §

1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

I.

Baughman is a Texas state prisoner serving lengthy sentences for two counts of attempted capital murder of a police officer. In approximately 1992, Baughman was transferred to the custody of the Oklahoma Department of Corrections (ODC) pursuant to the Interstate Compact on Detainers. From August 1998 to April 2002, the ODC housed Baughman at the Dick Conner Correctional Facility (DCCF) in Hominy, Oklahoma. In April 2002, the ODC transferred Baughman to the Lawton Correctional Facility (LCF) in Lawton, Oklahoma.

On June 27, 2002, Baughman filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various ODC officials alleging violations of his constitutional rights while confined at DCCF and LCF. After extensive litigation, defendants moved for summary judgment with respect to all of Baughman's claims. The magistrate judge assigned to the case issued two lengthy reports and recommendations on March 2, 2004, recommending that defendants' motions be granted. On August 6, 2004, the district court overruled Baughman's objections and granted defendants' motions for summary judgment. Judgment was entered that same day in accordance with the district court's order.

Approximately eleven months later, on July 8, 2005, Baughman filed a pleading with the district court entitled "PLAINTIFF'S MOTION FOR RELEIF [sic] FROM JUDGMENT AND/OR MOTION TO REOPEN THE TIME FOR FILING APPEAL." In the motion, Baughman alleged that the clerk of the district court "failed and/or refused to serve [the] judgment[] and Order[] of the Court upon" him, and that he did not learn of

the district court's entry of summary judgment until June 22, 2005, when his mother called the clerk's office to inquire about the status of his case. Based upon these allegations, Baughman's motion asked the district court to exercise its authority under Federal Rule of Civil Procedure 60(b)(6) and "reopen the time in which to file [an] appeal . . . ."

On August 1, 2005, the district court issued a written order denying Baughman's motion. In doing so, the district court first noted that "the court file . . . reflect[ed] that [Baughman] was sent copies of the order and judgment at the last address [he] furnished to the court," and that "[t]here [wa]s no notation that the order and judgment were returned to the court as not deliverable to" him. Continuing, the district court concluded that, in any event, it could not reopen the time for Baughman to file an appeal because he failed to satisfy all of the conditions outlined in Federal Rule of Appellate Procedure 4(a)(6). More specifically, the district court noted that Baughman's motion was not filed within 180 days after the judgment was entered against him. Lastly, the district court noted, citing Tenth Circuit precedent, that the specificity of Rule 4(a)(6) precluded the use of Federal Rule of Civil Procedure 60(b)(6) to cure problems of lack of notice.

Baughman now appeals from the district court's August 1, 2005 order.

## II.

In his appeal, Baughman contends the district court erred in denying his motion to reopen the time to file an appeal from its entry of summary judgment. We review the district court's decision for abuse of discretion. See Servants of Paraclete v. Does, 204

F.3d 1005, 1009 (10th Cir. 2000) (setting forth standard of review for denial of Rule 60(b) motion and discussing interplay of Fed. R. Civ. P. 60(b) and Fed. R. App. P. 4(a)(6)); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (setting forth standard of review for denial of Rule 4(a)(6) motions).

Federal Rule of Appellate Procedure 4(a)(6), entitled "Reopening the Time to File an Appeal," provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

The Advisory Committee Notes to Rule 4(a)(6) state, in pertinent part, that the rule "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal . . . ." Advisory Committee Notes to 1991 Amendment; see also Servants of Paraclete, 204 F.3d at 1009-10 (agreeing that the rule establishes a 180-day "outer time limit").

Here, although Baughman alleges that he acted in a timely fashion to reopen after first learning of the district court's entry of judgment, the fact remains that his motion to reopen was filed well beyond the 180-day "outer time limit" set forth in Rule 4(a)(6). More specifically, the 180-day time limit expired on February 2, 2005, several months

-4-

before Baughman's mother called the clerk's office to inquire about the status of the case and before Baughman filed his motion to reopen the time to appeal. Thus, the district court did not abuse its discretion in refusing to reopen the time to appeal under Rule 4(b)(6).

Likewise, the district court did not abuse its discretion in denying relief under Rule 60(b). Prior to the adoption of Federal Rule of Appellate Procedure 4(a)(6) in 1991, we permitted district courts to grant Rule 60(b) relief in "narrow circumstances" where "a litigant ha[d], through no fault of his own, failed to receive notice of entry of judgment, and ha[d] shown that he ha[d] exercised due diligence to ascertain whether the judgment ha[d] been entered." Servants of Paraclete, 204 F.3d at 1009. As we have since noted, however, Rule 4(a)(6) effectively removed that authority and now serves as the exclusive means for extending the time to appeal in circumstances where a party has failed to learn that judgment was entered. Id. at 1009-10.

AFFIRMED. All pending motions are DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge