FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MOSES MOORE,

    Plaintiff–Appellant,

v.

TOMMY WILLIAMS, Unit Team
Manager/Counselor, Hutchinson
Correctional Facility, in his individual and
official capacity; SAM CLINE, Warden,
Hutchinson Correctional Facility, in his
individual and official capacity,

    Defendants–Appellees.

No. 12-3121
(D.C. No. 5:09-CV-03067-CM)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Moses Moore, proceeding pro se, appeals the district court's denial of his Fed. R.

Civ. P. 60(b) motion following the entry of summary judgment in favor of defendants in

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

this 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Moore is an inmate in the custody of the Kansas Department of Corrections ("KDOC"). He alleges that he was assaulted by another inmate on December 4, 2007. Moore reported the attack on February 4, 2008. After KDOC closed its internal investigation, Moore brought suit in federal district court, claiming that two prison officials, Tommy Williams and Sam Cline, violated the Eighth Amendment by failing to protect him from the attack.

Moore alleges that he sent a letter to Williams shortly before the assault stating that the assailant had exposed himself to Moore. However, Moore did not ask for protection from the assailant. Moore further alleges that Cline was aware of this letter. Cline and Williams deny that Moore reported any incidents prior to February 2008. Defendants also provided affidavits from administrative personnel responsible for logging, processing, and archiving inmate grievances and correspondence to the warden, who averred that they could find no such correspondence.

The district court granted summary judgment in favor of the defendants on September 29, 2010. Moore requested reconsideration on January 5, 2011. On February 15, 2011, the district court granted Moore's motion for reconsideration, but reaffirmed its summary judgment ruling. More than one year later, Moore filed a motion to set aside that order under Fed. R. Civ. P. 60(b)(2). The district court denied Moore's motion on

March 27, 2012.  On April 25, 2012, Moore filed a notice of appeal.

## II

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal must be filed within thirty days after entry of the judgment or order being appealed.  Moore did not timely appeal the judgment or the district court's order of February 15, 2011 granting reconsideration but affirming summary judgment.  Moore did file a notice of appeal within thirty days of the district court's March 27, 2012 order denying reconsideration under Fed. R. Civ. P. 60(b)(2).[1]  We review this decision for abuse of discretion.  White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990).

## III

To prevail on his underlying Eighth Amendment failure-to-protect claim, Moore was required to show "that the prison official has a sufficiently culpable state of mind, i.e., that he or she is deliberately indifferent to the inmate's health or safety."  Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotations and italicization omitted).  The district court granted summary judgment to the defendants because it concluded that Moore had not created a genuine dispute of fact as to this element.  Even taking the facts

---

[1] Because Moore's Fed. R. Civ. P. 60(b)(2) motion was filed after expiration of the deadline to appeal the court's previous orders, it did not toll the deadline with respect to those orders.

in the light most favorable to Moore, the district court concluded that the defendants were not on notice that Moore faced a substantial risk of harm.

In his Fed. R. Civ. P. 60(b)(2) motion, Moore seeks reconsideration based on newly discovered evidence. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include . . . new evidence previously unavailable . . . ."). He submitted three affidavits: a statement from a fellow inmate who witnessed the assault; another inmate's statement that KDOC's investigation into the assault was performed without "proper due process"; and a statement from a correctional officer who counseled Moore. We agree with the district court that these affidavits, even assuming they qualify as newly discovered evidence, do not entitle Moore to relief. None of the affidavits show that Williams or Cline was aware of or deliberately indifferent to a threat to Moore's safety prior to the assault.

**IV**

We **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

– 4 –