**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

THE SERVANTS OF THE
PARACLETE, a New Mexico non-
profit corporation,

    Plaintiff-Counter-Defendant -
    Appellee,

vs.

JOHN DOES, I-XVI; JOHN DOES, I-
IV,

    Defendants - Appellees.

CATHOLIC MUTUAL RELIEF
SOCIETY OF AMERICA,

    Defendant Cross-Claimant Cross
    Defendant,

        and

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Defendant-Counter-Claimant-
    Cross-Claimant Cross-
    Defendant - Appellant.

Nos. 98-2258
98-2337

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO(D.C. No. CIV-93-236-JP)

Mark A. Wendorf, Reinhardt & Anderson, St. Paul, Minnesota, for the Appellee.

Joe A. Sturges, Sturges, Houston & Johanson, P.C., Albuquerque, New Mexico, for the Appellant.

Before EBEL, HOLLOWAY, and KELLY, Circuit Judges.

KELLY, Circuit Judge.

Appellant, St. Paul Fire and Marine Insurance Company ("St Paul"), appeals from the district court's denial of two Fed. R. Civ. P. 60(b) motions and its denial of a motion to reconsider the denial of the first Rule 60(b) motion. St. Paul argues that the district court abused its discretion (1) in denying its first Rule 60(b) motion because this circuit favors the preservation of the right to appeal, and (2) in denying its second Rule 60(b) motion because the underlying declaratory judgment is not a final order. St. Paul also challenges the district court's coverage decision in the underlying declaratory judgment order. Defendants-Appellees, John Does, I-XVI and John Does, I-IV ("Does"), have filed a motion to dismiss these appeals on the grounds that a party cannot use a Rule 60(b) motion to extend the time to file an appeal. St. Paul has filed a motion to supplement the record with the declaratory judgment proceeding. We deny both motions. Our jurisdiction arises under 28 U.S.C. 1291, and we affirm the

district court's orders.

## Background

Plaintiff-Counter-Defendant-Appellee, The Servants of the Paraclete ("Servants"), a non-profit corporation, operates a monastic residence in New Mexico for mentally and emotionally troubled Roman Catholic priests. The Servants filed a declaratory judgment, breach of contract, and bad faith action against several insurers alleging that the insurers breached their respective contracts to defend and indemnify the Servants in connection with various lawsuits brought by victims of priest sexual abuse. The Servants eventually settled the suits, and, as part of the settlement, assigned its claims against the insurers to the victims (Does). The Does agreed to execute the stipulated judgments only against the insurers. All insurers settled with the Servants, except for St. Paul.

After a bench trial, the district court determined that St. Paul owed the Servants a duty to defend and was liable to the Servants for one-third of the stipulated defense costs, that the breach of duty to defend was reasonable, that the policy issued by St. Paul covered any damages the Servants were legally obligated to pay the victims, that the damages to each victim constituted an "occurrence" and that St. Paul did not act in bad faith in failing to attempt to settle the claims

against the Servants. The court later held that St. Paul must indemnify the Servants to the policy limits of $900,000 for part of the $5,226,665 in stipulated judgments to which the Servants agreed in settling with the victims, "provided the settlements on which the judgments were based were reasonable and prudent, and not collusive or fraudulent." Aplt. App. at 221.

The parties then reached an agreement to submit the issue of reasonableness of the settlement agreements to binding arbitration and "remove that issue from this lawsuit." Aplt. App. at 262. Subsequently, the court requested that the parties submit an agreed upon form of declaratory judgment by December 30, 1997, or, if they were unable to do that, to inform the court what additional things must be done by the court before a judgment could be entered. On December 30, the parties submitted a form of declaratory judgment. The judgment was filed on January 9, and entered on January 15, 1998. No appeal was taken from this judgment.

The judgment provided that: 1) the victims had been molested; 2) St. Paul had breached its duty to defend and was liable to the plaintiff for $43,913.34 for breach of that duty; 3) St. Paul had breached its duty to indemnify and was liable for $369,600, the amount paid to the Does by the Servants; 4) St. Paul was also liable for each stipulated judgment "to the extent that, following arbitration agreed to by the parties, these judgments are found to be reasonable and prudent"

with the total liability limited to the $900,000 policy limit; 5) the breach of duty to defend and indemnify was not in bad faith; and 6) the plaintiff was entitled to prejudgment interest, calculated at a rate of 6% per year on the amount awarded for defense damages, indemnity damages, and that portion of liability that would be determined following arbitration. Aplt. App. at 223-25.

On July 24, 1998, St. Paul filed it first Rule 60(b) motion for relief from judgment. St. Paul argued that although local counsel had received a copy of the declaratory judgment, lead counsel in Minnesota had not, and was thus not aware of the entry of judgment until July 17, more than 180 days after its entry.

The district court denied the first Rule 60(b) motion. Minnesota counsel had received a copy of the appellees' motion to tax costs in February. The motion recited that the declaratory judgment had been filed, thereby giving notice to Minnesota counsel. Therefore, no grounds for excusable neglect existed. The court also based its decision on relief being unavailable under Rule 60(b) where the terms of Fed. R. App. P. 4(a)(5) and 4(a)(6) apply to extensions of time to appeal.

St. Paul then sought reconsideration, arguing that the declaratory judgment should be vacated for lack of finality. St. Paul contended that because the declaratory judgment did not set forth damages it was not final. St. Paul also contended that the agreement to arbitrate was void because the agreement was

based on St. Paul's ability to actually appeal from the determination of its liability. The district court denied the motion for reconsideration, holding that the declaratory judgment disposed of all the issues before the court and was a final appealable order. Aplt. App. at 394.

St. Paul then filed its second Rule 60(b) motion seeking to vacate the January judgment for lack of finality, in an effort to preserve the issue for appeal. The district court denied the motion.

## Discussion

I.    The Does' Motion to Dismiss

The Does argue that we lack jurisdiction to consider the denials of St. Paul's Rule 60(b) motions, because these motions were misused to try to extend time for appeal. Thus, the Does argue, the motions were untimely and should be dismissed. This argument conflates the distinction between the merits of St. Paul's Rule 60(b) motions concerning an appeal from the underlying declaratory judgment, and the appeals concerning the Rule 60(b) motions themselves. St. Paul's appeals of the denials of its Rule 60(b) motions are timely and we have jurisdiction.

Under 28 U.S.C. § 1291, we have jurisdiction to reach the merits of an appeal from a denial of a Rule 60(b) motion, so long as the underlying ruling or

- 6 -

judgment was a "'final decision of the district court.'" See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 993 (10th Cir. 1996) (quoting Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). For reasons discussed below, the underlying declaratory judgment at issue in the Rule 60(b) motions is final. Thus, we have jurisdiction to review the denial of St. Paul's Rule 60(b) motions, and deny the Does' motion to dismiss. See generally, Morris v. Adams-Mills Corp., 758 F.2d 1352, 1357 (10th Cir. 1985) (reviewing a timely filed Rule 60(b) motion, despite the fact that no appeal from the underlying judgment was timely filed).

II.     St. Paul's First Rule 60(b) Motion

St. Paul argues that it should be relieved from judgment because it did not receive notice of entry of the judgment until more than 180 days after its entry. St. Paul claims that circuit authority supports reopening the judgment under Rule 60(b).

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. See Federal Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is "'extraordinary and may only be granted in exceptional circumstances.'" Id. (quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)). An appeal

from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying decision itself. See Stubblefield, 74 F.3d at 994.

A Rule 60(b) motion is not intended to be a substitute for a direct appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Moreover, inadvertence by an attorney is not a basis for relief under Rule 60(b)(1). See Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). Absent extraordinary circumstances, Rule 60(b) relief should not be used to extend the time for an appeal. See United States v. O'Neil, 709 F.2d 361, 373 (5th Cir. 1983). In narrow circumstances, we have permitted Rule 60(b) relief when a litigant has, through no fault of his own, failed to receive notice of entry of judgment, and has shown that he has exercised due diligence to ascertain whether the judgment has been entered. See Wallace v. McManus, 776 F.2d 915, 917 (10th Cir. 1985).

However, we must now consider an important amendment to Fed. R. App. P. 4 (a) in 1991. As amended Rule 4 (a) (6) now provides:

> **(6) Reopening the Time to File an Appeal.**
> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice

of the entry, whichever is earlier;

Under the amended rule, even if St. Paul established that it did not receive notice of the declaratory judgment entered on January 15, 1998, the reopening of the judgment here sought by St. Paul is barred by the 1991 amendment to the rule because a motion for such relief must be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; . . ." These time limitations were not complied with because St. Paul's attempt to reopen the January 15, 1998 judgment was not begun until July 24, 1998 when St. Paul filed its first Rule 60 (b) motion for relief from judgment. The Advisory Committee Notes explaining the 1991 amendment to the rules state in part:

> Reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier. <u>This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal</u> and enables any winning party to shorten the 180-day period by sending (and establishing proof of receipt of) its own notice of entry of a judgment, as authorized by Fed. R. Civ. P. 77(d).

Advisory Committee Notes to 1991 Amendment. (Emphasis added).

Two circuits have construed the 1991 amendment to the rule as establishing such a 180 day "outer time limit". See <u>Stein v. Burt & Gordon</u>, 197 F.3d 421, 425 (9th Cir. 1999) (citing the above Advisory Committee Notes); <u>Zimmer St. Louis,</u>

Inc. v. Zimmer Co., 32 F.3d 357, 360 (8th Cir. 1994); and see 16A, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3950.6 at 214 ("Rule 4 (a) (6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered.").

St. Paul's motion was not made within the 180 day "outer time limit" provided now by Fed. R. App. P 4 (a) (6). Fed. R. Civ. P. 77 (d) provides expressly that any relief on the ground of lack of notice is not authorized "to relieve a party for failure to appeal within the time allowed except as permitted in Rule 4 (a) of the Federal Rules of Appellate Procedure." Thus the Rule 4 (a) (6) 180 day "outer time limit" bars relief as sought here by St. Paul and the denial of St. Paul's first 60 (b) motion was not an abuse of discretion.

There is a second reason why St. Paul can show no abuse of discretion in the denial of relief under its first Rule 60 (b) motion. St. Paul received notice of the judgment, and moreover, has not established due diligence in ascertaining whether the judgment had been entered. St. Paul concedes that the district court clerk provided a copy of the judgment to St. Paul's local counsel within 21 days of entry. Moreover, St. Paul concedes that its lead counsel in Minnesota received a copy of the "John Does Motion for Taxation of Costs" which stated "This motion is made on the grounds that the Defendant John Does are the prevailing parties under Rule 54(d)(1) and that in the Declaratory Judgment filed January 9,

1998, the Court declared that the John Does are entitled to taxable costs and disbursements." Aplt. App. at 226. Notification of local counsel alone does not constitute unique or extraordinary circumstances warranting the extension of time for appeal. See Gooch v. Skelly Oil Co., 493 F.2d 366, 370 (10th Cir. 1974). The district court did not abuse its discretion in denying St. Paul's first Rule 60(b) motion. We also reject as meritless St. Paul's contention that it is entitled to Rule 60(b) relief because of the misleading conduct of the Does.

III.    Second Rule 60(b) Motion

St. Paul argues that the district court should have granted its second Rule 60(b) motion because the declaratory judgment was not a final order, and thus never provided a legitimate basis for invoking the jurisdiction of this court. St. Paul claims that the declaratory judgment was not final because (1) it failed to inform St. Paul of the extent of damages awarded against it; (2) it referred the issue of damages to arbitration; (3) the calculation of the damages awarded involved complex issues; and (4) the agreement to arbitrate is void.

The declaratory judgment issued by the district court in the instant case was a final, appealable order. A final decision is one that "'leaves nothing for the court to do but execute the judgment.'" Albright v. UNUM Life Ins. Co., 59 F.3d 1089, 1092 (10th Cir. 1995) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). In the instant case, the district court has resolved all of the issues before

it. Pursuant to an order bifurcating the issues, the court ratified the parties agreement to resolve the issue of reasonableness of damages in binding arbitration. The declaratory judgment determined the issue of liability, the only remaining issue before the court.

In Aluminum Co. of America v. Beazer East, Inc., 124 F.3d 551 (3rd Cir. 1997), parties in a CERCLA action agreed that the trial court would only address issues of liability and that all non-liability issues would be settled in private mediation or arbitration. The district court issued a consent order to this effect. On appeal, the Third Circuit held that the district court order disposing of the issues before it was final for purposes of 28 U.S.C. § 1291. The court reasoned that where the effect of the district court decision is to resolve all that the parties asked the court to accomplish, and "where the parties agree there cannot be- and by court order, there will not be - any further proceedings in the district court as part of the same action," the district court's determination is a final judgment. Id. at 560.

This reasoning applies to the instant case. Here, the parties agreed, and the court issued a corresponding order, that only the issue of liability would be before the district court, while the remaining issue of the reasonableness of damages determined in related litigation would be subject to binding arbitration. We agree with the Third Circuit that even if a party in this case returns to the district court

in a separate judicial proceeding to confirm, vacate or enforce the award resulting from arbitration, these subsequent judicial proceedings are viewed as distinct matters, and "the possibility of their occurrence does not deprive the district court's order in the original proceeding of its finality." Beazer, 124 F.3d at 561.

This case is different from one in which the parties themselves seek to confer appellate jurisdiction by obtaining voluntary dismissal of their claims in the district court without prejudice. See Heimann v. Sneed, 133 F.3d 767, 769 (10th Cir. 1998). In such a situation, the dismissed claims nevertheless remain viable, and there is the possibility that the parties could file another complaint raising those same claims. Thus, all the claims before the district court would not be resolved on the merits, and the determination of the district court on the remaining issues could not be final. Id. Here, the district court issued an order in accordance with the parties' agreement to resolve certain claims in an entirely different forum. Thus, these claims will not be resolved judicially, let alone before the district court. The decision of the district court in the instant case is final, and hence appealable, because the court has completed all the actions it planned to take. Cf. Massey Ferguson Div. of Varity Corp. v. Gurley, 51 F.3d 102, 105 (7th Cir. 1995) ("[A]n order referring a single issue to arbitration, with the expectation that the court will use the arbitrator's answer to address a question within its own province, is not appealable.").

Our holding here does not, as appellants argue, contravene this court's holding in Albright. In Albright, the district court granted plaintiff's motion for summary judgment, but did not address the issue of damages. There we affirmed the well-settled and established rule that "'an order that determines liability but leaves damages to be calculated is not final.'" Albright, 59 F.3d at 1092 (quoting 16 Charles A. Wright, et al., Federal Practice and Procedure § 4009, at 576 (1977)). The plaintiff argued that the appellate court nevertheless had jurisdiction, because the damages to be awarded spoke for themselves, and their calculation would be little more than a ministerial task for the court. See id. at 1093. In the alternative, the plaintiff argued that the "practical (or pragmatic) finality" exception applied in his case, because "the danger of injustice by delaying appellate review [outweighed] the inconvenience and costs of piecemeal review." Id. at 1093-94. While recognizing these narrow exceptions to the finality rule, we held that the exceptions did not apply. See id.

The instant case presents a very different scenario. Unlike Albright, the district court did not resolve the issue of liability while remaining silent on the issue of damages. Rather, the issue of damages was not properly before the court, having been reserved for binding arbitration. Thus, there is no need for this court to consider whether the damages were self-evident, such that their calculation would merely be a ministerial task. In the same way, there is no reason for this

court to determine whether or not the practical finality exception applies in the instant case. Albright is largely inapposite to our decision in this matter.

St. Paul argues that the agreement between it and the Does to arbitrate was conditioned upon St. Paul's actual appeal of the declaratory judgment and the lack of a final order precludes an appeal, rendering the agreement to arbitrate void. As we have discussed, the declaratory judgment was final and appealable. St. Paul had the ability to appeal, but simply failed to do so in a timely manner.

Finally, we note that a motion for reconsideration and a successive Rule 60(b) motion, as brought by St. Paul in this case, are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed. Moreover, a motion to reconsider filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion. See Van Skiver, 952 F.2d at 1243 (10th Cir. 1991). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. See Brumark Corp. v. Sampson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995). Thus, a motion for reconsideration is appropriate where the

court has misapprehended the facts, a party's position, or the controlling law.  Cf. Fed. R. App. P. 40(a)(2) (grounds for rehearing).  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

IV.    Coverage under the OL&T Policy

We conclude that St. Paul's Rule 60(b) motions were properly denied, and those rulings are AFFIRMED.  It then follows that St. Paul's attempted appeal of the declaratory judgment adverse to it is not timely filed and is accordingly DISMISSED.