**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KURT ANTHONY BISHOP,

Plaintiff-Appellant,

v.

LONG TERM DISABILITY INCOME
PLAN OF SAP AMERICA, INC., an
ERISA qualified plan administered by
SAP American, Inc.; LIFE
INSURANCE COMPANY OF
NORTH AMERICA; CIGNA,

Defendants-Appellees.

No. 06-5097
(D.C. No. 04-CV-031-CVE-SAJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

Kurt Bishop worked as a technology consultant for SAP America, Inc.

("SAP") and participated in SAP's Long Term Disability Income Plan ("the

Plan"). Life Insurance Co. of North America, Inc. ("LINA") both insures and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

administers the Plan. After LINA terminated Bishop's long-term disability benefits and upheld termination in an administrative appeal, Bishop challenged its decision in federal district court under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. The district court upheld LINA's termination of benefits.

On appeal, Bishop argues that: (1) LINA improperly used the Dictionary of Occupational Titles ("DOT") to define the essential duties of his own occupation instead of considering his actual duties, and thus arbitrarily and capriciously failed to determine whether his own occupation required travel; and (2) LINA failed to provide a full and fair review before terminating disability benefits. We **VACATE** and **REMAND** for further proceedings on the first claim, and **AFFIRM** the district court's rejection of the second claim.

**I**

In July 1994, SAP employed Bishop as a technology consultant, a position requiring extensive travel. Due to health concerns that interfered with his ability to travel, SAP accommodated Bishop in January 2001 by allowing him to work as a technology consultant who did not travel. Six months later, SAP underwent a company restructuring that resulted in the elimination of Bishop's position, and terminated Bishop.

In July 2001, Bishop submitted a claim for short-term disability benefits. Under the Plan, an employee is totally disabled if he is "unable to perform all the

essential duties of his occupation." LINA awarded short-term disability benefits and later approved Bishop's claim for long-term benefits. However, it continued to monitor Bishop's status and eventually determined that Bishop was no longer disabled based on the medical records of Dr. Piper, his treating physician. On September 25, 2003, LINA informed Bishop that he no longer met the Plan definition of total disability. In terminating Bishop's long-term benefits, LINA stated it had "consider[ed] the duties of the Regular Occupation as it is normally performed in the general labor market in the national economy, not necessarily your ability to perform your job duties per se." It concluded that because Bishop could perform light duty work and because the DOT defines technology consulting as sedentary work, he was able to perform all the material duties of his regular occupation as a technology consultant.

Bishop filed an administrative appeal of the adverse decision. On review, LINA upheld the termination of benefits after noting Bishop's failure to provide additional medical evidence. Thereafter, Bishop brought the instant action in federal district court, arguing that LINA's use of a DOT job description rendered its decision arbitrary and capricious. In particular, he contended that LINA erred in failing to consider whether travel was an essential duty of his job as a technology consultant. The district court found that Bishop's job at the time of his termination did not require travel and upheld LINA's termination of benefits.

Subsequently, the court denied Bishop's motion to reconsider, and Bishop appealed.

## II

We review the district court's factual findings for clear error, <u>Wilcott v. Matlack, Inc.</u>, 64 F.3d 1458, 1461 (10th Cir. 1995), and its legal conclusions de novo, applying the same standards as the district court. <u>DeGrado v. Jefferson Pilot Fin. Ins. Co.</u>, 451 F.3d 1161, 1167 (10th Cir. 2006). When a plan gives an administrator discretionary authority to determine eligibility for benefits, we review the administrator's actions under an arbitrary and capricious standard. <u>Fought v. Unum Life Ins. Co. of Am.</u>, 379 F.3d 997, 1002-03 (10th Cir. 2004). However, when, as here, an administrator both insures and administers a plan and thereby operates under an inherent conflict of interest, we accord less deference to its decisions. Under this less deferential standard, an administrator must show that "its interpretation of the terms of the plan is reasonable and that its application of those terms to [the claimant] is supported by substantial evidence." <u>Id.</u> at 1006. Substantial evidence entails:

> such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decision maker. It requires more than a scintilla but less than a preponderance. In determining whether the evidence in support of the administrator's decision is substantial, we must take into account whatever in the record fairly detracts from its weight. Moreover, substantiality of the evidence is based upon the record as a whole.

Rekstad v. U.S. Bancorp, 451 F.3d 1114, 1119-20 (10th Cir. 2006) (quotations and citations omitted).

We start our analysis by considering the language of the Plan. As indicated above, Bishop is totally disabled under the Plan if he is "unable to perform all the essential duties of his occupation." The Plan neither defines "essential duties" or "his occupation" nor establishes a method for determining the "essential duties of his occupation." Notably, it does not reference DOT definitions.

In considering identical plan language, this court has stated that "the relevant LINA standard for 'own occupation' disability is whether [the insured] was capable of performing his own job" with his employer at the time he was terminated. Caldwell v. Life Ins. Co. of N. Am., 287 F.3d 1276, 1283 (10th Cir. 2002) (emphasis in original). "A key determination in the inquiry before the administrator was whether [the insured] could perform all the essential duties of his job at the time he left [employment]." Id. at 1284. In Caldwell, we held LINA failed to give adequate weight to evidence that the claimant could not lift heavy objects as required of his particular position as a "customer service representative." Id. at 1285-86. Although customer service representatives did not ordinarily engage in heavy lifting, Caldwell's specific job required him to occasionally fill in as a "rig hand" – a position that entailed lifting objects between 50 and 100 pounds. Id. at 1284-85. Because evidence in the record showed that Caldwell's particular job required heavy lifting and that his disability

prevented him from performing this duty, we determined that LINA's denial of benefits was arbitrary and capricious. Id. at 1285-86.

In the instant case, which centers around identical plan language, LINA was likewise required to consider Bishop's actual job duties in defining "his occupation." Failure to address whether traveling was an essential duty of Bishop's job at the time of his termination – as Bishop claimed it was – rendered the decision arbitrary and capricious. Ordinarily, "the remedy when an ERISA administrator fails to make adequate findings or to explain adequately the grounds of her decision is to remand the case to the administrator for further findings or explanation." Id. at 1288 (citations omitted). However, we need not remand if the record conclusively establishes that travel was not an essential duty of Bishop's job. In its March 2, 2006 Opinion and Order, the district court found that "at the time plaintiff filed his initial disability benefits claim, his job did not require him to travel." This finding, however, does not address whether the non-travel accommodation was permanent or merely temporary, and thus does not conclusively determine whether travel was an essential duty of Bishop's job at the time of his termination. Cf. Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan, 378 F.3d 669, 671, 678 (7th Cir. 2004) (concluding that record showed insured's job was accommodated permanently and that use of accommodated job description was therefore not error).

The record does not compel a conclusion that travel was not an essential duty of Bishop's job. The only job description in the record states that extensive travel is an essential duty for the technology consultant job.[1] A series of email messages between SAP and a LINA vocational rehabilitation counselor indicates likewise. In response to LINA's general question on whether an employee who could not travel could work as a non-traveling technology consultant, SAP stated:

> If an employee worked in the [Professional Services Organization] group, which [Bishop] did, then it's a technical consultant who needs to travel. The Technical Consultants in other groups have completely different job descriptions and we couldn't just place the traveling consultant in one of those jobs.

Aplt. App. at 374.

Nonetheless, SAP provided Bishop an accommodation, allowing him to work without traveling from January to June 2001. LINA therefore argues that at the time of Bishop's termination in June 2001, accommodation rendered travel a non-essential duty of his job. We reject this contention. Again, our review does not compel a finding that accommodation was permanent and does not reveal why

---

[1] Although the long-term disability case manager for LINA asked SAP to prepare a completed Job Requirements form without the travel requirement in January 2002, no such form appears in the administrative record. In any event, it seems inappropriate for a plan administrator to request that an employer prepare job descriptions omitting specific requirements. The employer, and not the plan administrator, is in the position to independently and most accurately describe an employee's job duties.

accommodation ended. Accordingly, we cannot conclude travel was not an essential duty of Bishop's job at the time of his termination.[2]

LINA argues in the "Summary of Argument" section of its appellate brief that even if travel were an essential duty, Bishop is not disabled as defined in the Plan. This argument is not developed in the body of the brief. We therefore need not address it and deem it waived. Cf. Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (deciding that superficially developed argument was waived); Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 880 & n.9 (10th Cir. 1997) (holding that party who noted issue and made "several broad, conclusory statements" on appeal waived argument for failure to develop).

Accordingly, we remand to the district court with instructions to remand to LINA for further proceedings addressing whether travel was an essential job duty for Bishop's technology consultant position at the time of his termination. See

---

[2] We note that in assessing short-term disability, LINA seemed to consider the non-travel accommodation temporary. Dr. Nackley, an independent doctor who reviewed Bishop's claim for short-term benefits, stated in his assessment: "[Bishop] reported that prior to the limitations, his employer accommodated him with no travel responsibilities. As the limitations were placed on [Bishop], the employer was no longer able to accommodate these" (emphasis added). Dr. Nackley based his statements on a history provided to him by LINA. Also, in a July 6, 2001 medical assessment, Dr. Piper noted that "work now demanded = ie travel."

<u>DeGrado</u>, 451 F.3d at 1175-76 (recognizing that remand is proper remedy when plan administrator failed to make adequate findings).[3]

### III

Lastly, Bishop contends that LINA failed to provide a full and fair review as required by ERISA. He first raised this claim in a Rule 59(e) motion for reconsideration. We review denial of a Rule 59(e) motion for abuse of discretion. <u>See</u> <u>Comm. for First Amend. v. Campbell</u>, 962 F.2d 1517, 1523 (10th Cir. 1992). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Because Bishop's argument was not based on newly discovered law or facts and does not implicate manifest injustice or clear error, we hold the district court did not abuse its discretion in denying this motion. <u>See</u> <u>id.</u>

---

[3] The record reveals that LINA also failed to address the effect job stress would have on Bishop's ability to perform all the essential duties of his job.

**IV**

With respect to the substantive denial of benefits, we **VACATE** and **REMAND** with instructions to the district court to remand to LINA for further proceedings. We **AFFIRM** the district court's denial of Bishop's Rule 59(e) motion.

Entered for the Court

Carlos F. Lucero
Circuit Judge