FILED
United States Court of Appeals
Tenth Circuit

January 31, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JULIE K. MORAL,

      Plaintiff - Appellant,

v.

RONALD HAGEN,

      Defendant - Appellee.

No. 13-3129
(D.C. No. 2:10-CV-02595-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

After she was first arrested and then succeeded in having the charges against her dropped in state court, Julie Moral brought this lawsuit under 42 U.S.C. § 1983. In it she alleged that Ronald Hagen, the Kansas law enforcement agent who had her arrested, did so not because she committed any crime but because she complained about the manner in which he was conducting an investigation into her business affairs. Her arrest, Ms. Moral alleged,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amounted to malicious prosecution and retaliatory arrest in violation of the First and Fourth Amendments.

The district court disagreed, dismissing Ms. Moral's malicious prosecution claim for failure to state a claim. Even under the facts she alleged, the court held, Ms. Moral could not make out a claim for malicious prosecution because probable cause existed to arrest her — and its absence is an essential element for the sort of claim she wished to pursue. In a separate order, the court entered judgment against Ms. Moral on her retaliatory arrest claim, holding Agent Hagen protected by qualified immunity. Even assuming Agent Hagen was motivated by retaliatory animus, the court explained, that is not enough to violate clearly established law where (as here) the officer's underlying arrest was (again) objectively supported by probable cause.

Before us, Ms. Moral challenges only the district court's entry of summary judgment on her retaliatory arrest claim. As we understand her brief, she presses four arguments.

First, she says that the district court was powerless to decide the question of probable cause. That question, she says, had to go to the jury. But while Ms. Moral is correct that "probable cause is usually a question for the jury," this court has explained that "a court should decide it when there is no genuine issue of material fact." *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1215 (10th Cir. 2008). In Ms. Moral's case, there is no dispute over the material facts. The facts

surrounding her arrest were uncontroverted before the district court and remain so here — her brief argues only that those facts were not enough to create probable cause as a matter of law. Given this, the district court's resolution of the probable cause question was entirely proper.

Second, Ms. Moral insists that there was ample evidence of retaliatory motive. But as the district court noted, that is not enough to overcome qualified immunity in this particular doctrinal context. Only recently the Supreme Court explained that it remains unsettled under current law whether an officer violates the Fourth Amendment by initiating an arrest for retaliatory reasons when the arrest itself happens to be supported, as an objective matter, by probable cause. *See Reichle v. Howards*, 132 S. Ct. 2088 (2012). Because this scenario (retaliatory animus but objective probable cause) does not offend clearly established law, the Supreme Court granted qualified immunity to the officers in *Reichle*. *Id*. We see no lawful way the district court could have reached a different result in this case.

Third, Ms. Moral suggests that *Reichle* — handed down after the district court granted qualified immunity to Agent Hagen — represented an intervening change in the law that required the district court to revisit its earlier finding of probable cause. But nothing in *Reichle* altered the standard for determining whether probable cause is or is not present. As a result, that decision could have had no effect on the district court's holding that probable cause was present in

- 3 -

this case and reconsideration of the question after *Reichle* would have been pointless. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motions for reconsideration are simply not appropriate vehicles by which "to revisit issues already addressed"). Indeed, Ms. Moral herself identifies no way in which *Reichle* would have altered the probable cause calculus in this case.

Finally, Ms. Moral complains that the district court did not resolve the first question in the qualified immunity sequence (whether an arrest objectively supported by probable cause but allegedly made with a retaliatory motive violates the Constitution) before proceeding to the second question in that sequence (whether any such violation was clearly established at the time of Agent Hagen's actions) and resolving it against her. But district courts are generally free to proceed directly to the second step of the qualified immunity analysis where, as here, it is sufficient to dispose of the case. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Neither does Ms. Moral offer any reason why her case poses any exception to this general rule.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 4 -