FILED
United States Court of Appeals
Tenth Circuit

July 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARJORIE A. CREAMER,

　　　Plaintiff - Appellant,

v.

CITY OF PHILLIPSBURG; PRESTON
PRATT,

　　　Defendants - Appellees.

No. 15-3043
(D. Kansas)
(D.C. No. 5:14-CV-04083-DDC-TJJ)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.

　　　Plaintiff Marjorie Creamer, proceeding pro se and *in forma pauperis*, filed a

complaint in the United States District Court for the District of Kansas against the City of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Phillipsburg, Kansas, and Kansas State Judge Preston Pratt. The district court dismissed for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Ms. Creamer's complaint is virtually incomprehensible. The magistrate judge reasonably construed it as seeking to remove a Kansas state case to federal court and complaining that the defendants violated her due-process rights. Screening the case under 28 U.S.C. § 1915(e)(2)(B), she ordered Ms. Creamer to show cause why the district court should not dismiss the complaint for failure to state a claim on which relief may be granted. Ms. Creamer did not respond, and the district court dismissed the complaint without prejudice. Ms. Creamer sought reconsideration and submitted additional documents to support her claims. The court denied the motion because she failed to provide a recognized ground for reconsideration. Ms. Creamer appeals.

"We review de novo the district court's decision to dismiss [a] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although we liberally construe the pleadings of a pro se plaintiff, the complaint must nonetheless "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We review a district court's denial of a motion to reconsider for abuse of discretion. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 1012.

2

Ms. Creamer's complaint fails to comply with any of the procedural requirements for removal. *See* 28 U.S.C. § 1446. And the due-process claims fail because the complaint (1) asserts no facts that would support any claim whatsoever against the city, and (2) asserts no specific facts supporting a due-process claim against the judge. Further, the district court properly denied the motion for reconsideration on the grounds stated by the court. Ms. Creamer's confusing appellate brief does not persuade us that the district court erred in dismissing her claim without prejudice.

We AFFIRM the district court's decisions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3