**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLARENCE ANTOINE,

    Defendant - Appellant.

No. 20-1419
(D.C. Nos. 1:19-CV-00184-CMA &
1:17-CR-00134-CMA-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **CARSON**, Circuit Judges.

This matter is before the court on Clarence Antoine's pro se requests for a certificate of appealability ("COA") and to proceed on appeal in forma pauperis. This court **grants** Antoine's request to proceed on appeal in forma pauperis. 28 U.S.C. § 1915. Antoine seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion and his Fed. R. Civ. P. 59(e) motion to alter or amend the judgment denying his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Antoine has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Antoine was charged with eleven felony drug-trafficking offenses in the United States District Court for the District of Colorado. He entered a plea agreement and pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, and possession of a firearm during and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). In exchange for Antoine's guilty plea, the government dismissed the remaining counts and recommended a reduced sentence. The plea agreement contained a broad appeal waiver. Thereafter, Antoine filed the instant § 2255 motion. He alleged his attorney failed to (1) advise him of the elements of the offenses to which he was pleading guilty; (2) advise him of the possible penalties for those offenses; and (3) file an appeal. He also argued his conspiracy charge, which involved cocaine and cocaine base, was duplicitous. Finally, Antoine filed a motion to supplement his § 2255 motion. In that motion, Antoine argued (1) he recently "discovered" he was not guilty of possession of a firearm in furtherance of a drug-trafficking offense and (2) the district court misapplied the sentencing guidelines.

In an exceedingly thorough order, the district court denied Antoine's § 2255 motion and the motion to supplement. The district court explained that the record conclusively refuted Antoine's claims of ineffective assistance of trial counsel. Furthermore, the district court noted a criminal charge is not duplicitous

-2-

merely because it alleges a multi-objective conspiracy. Finally, the district court

denied Antoine's motion to supplement because Antoine knowingly and

voluntarily waived, in his plea agreement, the right to challenge his conviction or

sentence on appeal or in a § 2255 motion. Thereafter, the district court denied

Antoine's Rule 59 motion to alter or amend judgment. In so ruling, the district

court concluded, inter alia, that Antoine's Rule 59 motion merely reargued the

issues set out in his § 2255 motion and did not identify any change in the law,

new evidence, or clear error. *See Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000) (holding that district court can grant Rule 59 motions when

(1) there has been a change in the law since the prior judgment was issued, (2) the

movant presents new evidence that was previously unavailable, or (3) there is a

need to correct a clear error or prevent manifest injustice).[1]

---

[1]It is certainly true, as noted by Antoine, that the alternate basis upon which the district court denied the Rule 59 motion is legally suspect. That is, in addition to concluding Antoine's Rule 59 motion must be denied because it merely reargued points already addressed in the order denying Antoine's § 2255 motion and the motion to supplement, the district court concluded Antoine's Rule 59 motion was a successive § 2255 motion. Just recently, however, the Supreme Court concluded a timely Rule 59 motion to alter or amend does not count as a second or successive post-conviction motion. *Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020). Importantly, however, *Banister* reaffirmed that the limited province of Rule 59 was to allow a district court "the chance to rectify its own mistakes," not to raise new arguments, identify new evidence previously available, or reargue contentions properly rejected. *Id.* at 1703. Thus, the district court's rejection of Antoine's Rule 59 motion based on the analytical path set out by this court in *Servants of Paraclete* was entirely proper and the district court's conclusion that
(continued...)

Antoine seeks a COA so he can appeal the district court's denial of his § 2255 motion, motion to supplement, and Rule 59 motion. The granting of a COA is a jurisdictional prerequisite to Antoine's appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether he has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Antoine's appellate filings, the relevant district court order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Antoine is not entitled to a COA. In so concluding, this court has nothing to add to the cogent

---

[1](...continued)
Antoine's Rule 59 motion was a second or successive § 2255 motion is harmless.

analysis set out in the district court's thorough orders.  Because Antoine has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA.  Accordingly his request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge