**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MTGLQ INVESTORS, LP,

    Plaintiff - Appellee,

v.

MONICA WELLINGTON,

    Defendant - Appellant.

No. 23-2048
(D.C. No. 1:17-CV-00487-KG-LF)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This is the fifth appeal Appellant Monica Wellington has filed in as many years in this foreclosure action. Because our prior decisions describe the relevant facts, we do not repeat the background in detail. *See MTGLQ Invs., LP v. Wellington* (*Wellington I*), 856 F. App'x 146 (10th Cir. 2021) (affirming judgment of foreclosure and approval of foreclosure sale); *MTGLQ Invs., LP v. Wellington* (*Wellington II*), No. 22-2070, 2022 WL 17660784 (10th Cir. Dec. 14, 2022) (affirming denial of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motions to vacate approval of foreclosure sale and to recuse district judge); *see also MTGLQ Invs., LP v. Wellington*, 854 F. App'x 295 (10th Cir. 2021) (affirming award of attorneys' fees); *MTGLQ Invs., LP v. Wellington*, No. 19-2162, 2019 WL 8331671 (10th Cir. Nov. 25, 2019) (dismissing pre-judgment appeal as premature).

Ms. Wellington obtained a mortgage to purchase a property in New Mexico in 2007, then stopped making payments in 2011. Appellee MTGLQ Investors, LP (MTGLQ) filed this foreclosure action in 2017.[1] After the district court entered a judgment of foreclosure in December 2019, Ms. Wellington appealed, arguing, among other issues, that MTGLQ lacked standing to foreclose. We affirmed, holding "MTGLQ had the right to foreclose the mortgage." *Wellington I*, 856 F. App'x at 162. Following remand, a special master held a foreclosure sale in May 2022, at which MTGLQ purchased the property. The district court approved the sale. Ms. Wellington then sought to vacate the sale and to disqualify the district court judge. The district court denied those motions, and we again affirmed. *See Wellington II*, 2022 WL 17660784, at *1, *3.

On February 8, 2023, MTGLQ filed a motion for a writ of assistance in the district court on grounds Ms. Wellington and her brother had refused to vacate the property. The district court granted the writ, directing the United States Marshal to evict Ms. Wellington. Ms. Wellington moved to vacate the writ, and the district

---

[1] MTGLQ filed the underlying action in state court, and Ms. Wellington removed pursuant to 28 U.S.C. §§ 1332 & 1441.

court denied her motion, on February 13, 2023.  Ms. Wellington did not file a notice of appeal from the grant of the writ or the denial of her motion to vacate it.

However, on March 22, 2023, Ms. Wellington filed the motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) that underlies this appeal.  She attached a 1099-A tax form received from Rushmore Loan Management Services, LLC ("Rushmore"), which is "the company servicing the loan for MTGLQ."  *See Wellington I*, 856 F. App'x at 152.  She argued the form shows that Rushmore, not MTGLQ, was in fact the lender and took ownership of the property, and that MTGLQ has disclaimed any interest in the property.  She asked to have "the portion of the [district] Court's judgment declaring MTGLQ having any rights to possession" vacated, R. vol. 6, at 171, and that MTGLQ's "title deed . . . be cancelled," *id.* at 172.

The district court denied Ms. Wellington's Rule 60(b) motion the day after it was filed, finding it frivolous, and describing it as "advanc[ing] her long-maintained argument that MTGLQ was not the owner of the mortgage."  *Id.* at 178.  The district court observed that Ms. Wellington's "theory that MTGLQ is not the proper mortgage owner . . . has been argued and adjudicated repeatedly by both this Court and the Tenth Circuit."  *Id.* at 178.  It concluded that "Rushmore['s] . . . tax documents and MTGLQ's internal accounting practices do not bear on the validity of [the] Judgment of Foreclosure . . . Order Approving the Sale . . . or Writ of Assistance."  *Id.*  The district court emphasized that notwithstanding Ms. Wellington's "multiple attempts to undo the Judgment and foreclosure," "Final

3

Judgment has been entered," and that—other than proceedings related to the writ of assistance—"the case is closed." *Id.* at 179.

Ms. Wellington again appealed.[2]  Because she appeals from the denial of a Rule 60(b) motion, we address only the denial of that motion, not the district court's underlying decisions. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Id.*  We review the district court's denial of such relief for abuse of discretion. *See id.*

We see no abuse of discretion here.  Ms. Wellington argues the impact of the 1099 form issued by Rushmore is "obvious."  Aplt. Opening Br. at 4.[3]  We disagree.  Like the district court, we do not see how the post-foreclosure tax reporting alters either the validity of the district court's judgment or our prior holding that MTGLQ had the right to foreclose.  Ms. Wellington also emphasizes the "non-discharge of the debt claim," arguing MTGLQ impermissibly maintains a debt claim against her even after the property was sold. *See* Aplt. Opening Br. at 4–5.  The single tax form on

---

[2] Ms. Wellington sought a stay of any further proceedings in the district court pending the outcome of this appeal, which this court denied.  Thereafter, the district court entered an amended writ of assistance, which was then executed on June 28, 2023. *See* Executed Amended Writ of Assistance, ECF No. 298, *MTGLQ Invs., LP v. Wellington*, No. 1:17-cv-00487-KG-LF (D.N.M. June 28, 2023).  The district court filings subsequent to Ms. Wellington's notice of appeal are not in the record on appeal, but we take judicial notice of them. *See United States v. Leal*, 921 F.3d 951, 963 n.10 (10th Cir. 2019) (taking judicial notice of docket information from another court); Fed. R. Evid. 201(b)(2).

[3] Because Ms. Wellington proceeds pro se, we "liberally construe" her filings, "but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

which she based her Rule 60(b) motion does not establish as much. Furthermore, her only argument for invalidating the judgment on this basis is the potential for inequity if she were to face collection on the mortgage even after the property has been sold. But she has not shown either that MTGLQ treats the debt as a continuing obligation or that it seeks to collect. The district court did not abuse its discretion in concluding the 1099-A form has no effect on the validity of the court's judgment.[4]

Ms. Wellington also now attacks the validity of the writ of assistance. Aplt. Opening Br. at 7–9. But this appeal is limited to the district court's denial of her Rule 60(b) motion. *See Servants of Paraclete*, 204 F.3d at 1009. Ms. Wellington neither timely appealed from the writ, nor raised her present argument challenging it in her Rule 60(b) motion. We therefore do not further address her new argument on appeal. *See GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1206–07 (10th Cir. 2022) (stating issues raised as a "fleeting contention" or "in a perfunctory and

---

[4] Ms. Wellington also filed a Rule 28(j) letter on February 15, 2024, attaching a Tax Form 1098 for calendar year 2023, which she evidently received after this appeal was filed. She states this shows that a new company acquired the mortgage on October 31, 2023. This is yet another variation on her argument that MTGLQ is not the proper mortgage owner in this case.

"We generally limit our review on appeal to the record that was before the district court," and therefore will not consider newly presented facts or documents on appeal. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). In any event, we do not see how the alleged transfer of the mortgage long after the foreclosure sale was completed and approved, and after the district court had entered final judgment, would change the validity of the district court's actions.

underdeveloped manner" at the district court are not preserved for appeal (internal quotation marks omitted)).[5]

In sum, we agree with the district court that Ms. Wellington's argument for Rule 60(b) relief was duplicative of her previous arguments challenging MTGLQ's right to foreclose, which both the district court and this court have already rejected. The speculative inferences she draws from post-foreclosure tax reporting do not alter the validity of the district court's judgment.  Accordingly, having reviewed the briefing on appeal, the relevant portions of the record, and applicable law, we see no abuse of discretion and affirm for substantially the same reasons stated by the district court.  *See* R. vol. 6, at 178–79.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[5] Ms. Wellington acknowledges her challenge to the writ of assistance is newly raised on appeal, but argues we should address it nevertheless, as a challenge to the district court's jurisdiction.  *See* Aplt. Opening Br. at 7 n.7.  We do not see any colorable challenge to the district court's subject matter jurisdiction—which Ms. Wellington herself invoked when she removed to federal court.