FILED
United States Court of Appeals
Tenth Circuit

July 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GEORGIANA MONTGOMERY-
BROOKS,

     Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant - Appellee.

No. 14-1486
(D.C. No. 1:11-CV-01081-WJM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Georgiana Montgomery-Brooks appeals from an order denying her second

motion seeking reconsideration of the district court's judgment in favor of the

Commissioner.  In that judgment, the district court affirmed the Commissioner's

determinations that Ms. Montgomery-Brooks had received an overpayment of Social

Security Disability benefits and that because she was not without fault the

overpayment could not be waived.  We affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

In 1992, the Social Security Administration (SSA) determined that Ms. Montgomery-Brooks had become disabled as of 1985. The SSA began paying her disability benefits. In October 2005 the SSA issued her a notice terminating her benefits as of December 2003 because she had engaged in substantial work. The notice further informed her that she had been overpaid because she continued to receive benefits after December 2003.

Ms. Montgomery-Brooks sought and obtained reinstatement of her disability benefits. She also sought waiver of recovery of the alleged overpayment, *see* 42 U.S.C. § 404(b) (waiving recovery from certain persons without fault); 20 C.F.R. §§ 404.506 to 404.509 (discussing waiver criteria), but the agency denied her request. She requested review of that denial from an administrative law judge (ALJ).

The ALJ held a hearing on the waiver issue. He issued a written decision in which he determined that: (1) Ms. Montgomery-Brooks had been overpaid benefits, "though the amount of the overpayment is unclear," Admin. R. at 14; (2) she was not without fault in connection with the overpayment; and (3) she had not met the requirements for a waiver of recovery of the overpayment. The ALJ therefore denied her request for waiver of recovery.

The ALJ also addressed Ms. Montgomery-Brooks' arguments concerning proper calculation of the alleged overpayment, stating:

> Because the file contains inconsistent statements by the agency as to the dates [Ms. Montgomery-Brooks] was overpaid and the amount of the overpayment, the appropriate component [of the agency] should recompute

2

the amount of the overpayment and provide [her] with a detailed explanation taking into consideration [her] reinstatement to disability insurance benefits, the amount of past due benefits withheld to recover the overpayment, and adjustments against her monthly benefit. *If dissatisfied with the explanation, [she] may then appeal that issue and ultimately request a hearing before an Administrative Law Judge on the amount of the overpayment.*

*Id.* at 16 (emphasis added).

Ms. Montgomery-Brooks appealed the ALJ's decision to the Appeals Council. The Council denied her request for review, reasoning that "[t]he only issue properly before the [ALJ] was whether recovery of the overpayment . . . could be waived." *Id.* at 5. The Council found no basis for review, making the ALJ's decision the final decision of the agency on the waiver issue.

The Council further noted that Ms. Montgomery-Brooks had presented additional evidence to it concerning the amount of the alleged overpayment. The Council concluded that "[n]one of the material [she] submitted . . . establish[ed] that any change in the [ALJ's findings] on the issues which were before him are warranted, i.e. that . . . [she was] overpaid for [the relevant] period and that recovery of the overpayment may not be waived." *Id.* The Council stated it was returning the case to the agency "to implement . . . [the ALJ's] directive to provide [Ms. Montgomery-Brooks] with a detailed accounting of the overpayment for the period which was before the [ALJ]." *Id.* It admonished Ms. Montgomery-Brooks that "if you disagree with the [calculation of] any subsequent overpayments or the accounting you received for these periods, you should contact your local Social Security office to file an appeal." *Id.* at 5-6.

3

Before a final accounting was provided, Ms. Montgomery-Brooks filed this action in district court.[1] She obtained counsel, who filed a brief on her behalf. In the brief, Ms. Montgomery-Brooks did not deny that she had been overpaid benefits for the adjudicated period. She presented the sole issue as "whether recovery of the overpayment can be waived." R., Vol. 1 at 118. She argued that she met the statutory and regulatory criteria for waiver.

The district court entered an order affirming the ALJ's decision. It agreed that "[t]he sole dispute in this case involves whether [Ms. Montgomery-Brooks] should be granted a waiver of recovery of the benefits that she was overpaid," and that any dispute concerning the amount she was overpaid had not been decided by the ALJ and was not before the court. *Id.* at 136 & n.2. It then determined that the ALJ's determination that Ms. Montgomery-Brooks was at fault for the overpayment was supported by substantial evidence. The district court entered judgment in favor of the Commissioner.

Ms. Montgomery-Brooks filed a pro se motion under Fed. R. Civ. P. 60(b) seeking relief from the judgment. The district court denied her motion, which it characterized as presenting "an ongoing dispute with the Commissioner regarding the amount of overpayment," and noted that question "was not at issue in the ALJ's decision or the Court's Order." *Id.* at 194. Ms. Montgomery-Brooks did not appeal from the denial.

---

[1] It is uncontested in this appeal that the agency's order denying waiver of the overpayment was itself a final order subject to judicial review.

Ms. Montgomery-Brooks then filed a second Rule 60(b) motion.[2] She again contended that questions remained whether any alleged overpayment was due. The district court denied the motion, noting that "because the amount of overpayment was ***not*** at issue in the ALJ's decision, the Court does not have jurisdiction over the overpayment issue." *Id.* at 277.

## II.

In this appeal, we have jurisdiction only to review the district court's order denying Ms. Montgomery-Brooks' second Rule 60 motion, which was the only order designated in her notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B). Our review of the denial of a Rule 60(b) motion is highly deferential:

> This Court reviews a district court's denial of a Rule 60(b) motion for abuse of discretion. Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal. Accordingly, our review is meaningfully narrower than review of the merits of a direct appeal. Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below. A reviewing court may reverse only if it finds a complete absence of a reasonable basis and is certain that the decision is wrong. However, a district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (citations, brackets, ellipsis, and internal quotation marks omitted).

On appeal, Ms. Montgomery-Brooks occasionally asserts that she is "without fault," but she does not develop an argument on this point based on the statutory

---

[2] She also founded her motion on Rule of Evidence 103, but that rule does not provide for relief from a judgment; it is an evidentiary rule.

waiver criteria. Her real argument is that she does not need a waiver, because there is no overpayment to waive.

Ms. Montgomery-Brooks presents calculations based on sums allegedly recovered from her or underpaid to her that she claims were not properly applied to her balance. Aplt. Opening Br. at 3-4. But these arguments are not properly before us. Ms. Montgomery-Brooks fails to show that the Commissioner ever reached a final decision concerning the correct amount of the overpayment and of any adjustments or credits to which she may be entitled. Judicial review is limited to the Commissioner's final decisions. *See* 42 U.S.C. § 405(g). The district court did not abuse its discretion in rejecting her attempts to raise issues involving calculation of the amount due in her second Rule 60(b) motion.

Ms. Montgomery-Brooks also appears to argue that she *never* received *any* overpayment for the time period considered by the ALJ and the Appeals Council, and was only assessed an overpayment because of miscalculations, misinterpretations of law, or fraud by the SSA. This might be viewed as a challenge to something the agency *has* determined: that there was an overpayment. *See* ALJ's Decision, Admin. R. at 13 ("The claimant was overpaid disability insurance benefits."). But even if this argument attacks a final decision by the Commissioner, we discern no abuse of discretion in the district court's denial of Rule 60(b) relief, to the extent this issue was raised in her motion.

In her district court merits brief, Ms. Montgomery-Brooks did not contest the fact that there had been an overpayment during the relevant time period. She only

6

argued that she was entitled to waiver of the overpayment. *See* R., Vol. 1 at 116-21.[3]

The case was presented to the district court on that basis. A Rule 60(b) motion is not the proper place to advance new arguments. *See, e.g., Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In sum, Ms. Montgomery-Brooks brought this appeal before a final determination of the amount owed had been reached. It appears she can obtain such a determination, and review if necessary, by following the further administrative procedures described and made available to her by the ALJ and the Appeals Council. At this point, however, neither we nor the district court may make a determination concerning the amount that was overpaid and what, if anything, remains due. Those issues must be resolved in the first instance by the Commissioner.

### III.

We grant Ms. Montgomery-Brooks' motion to proceed in forma pauperis. The order of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] The ALJ concluded that she "did not contest the determination that she has been overpaid disability benefits . . . though the amount of the overpayment is unclear." ALJ decision, Admin. R. at 14.