FILED
United States Court of Appeals
Tenth Circuit

May 21, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DENISE-BRADFORD: HOLMES,

    Plaintiff - Appellant,

v.

GRANT COUNTY SHERIFF'S
DEPARTMENT; RAUL D.
VILLANUEVA, Sheriff; BILLIE MIZE,
Corporal, and others in discovery,

    Defendants - Appellees.

No. 19-2006
(D.C. No. 2:18-CV-00189-JB-GBW)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]

_____

Plaintiff-Appellant Denise-Bradford: Holmes appeals from the district court's

denial of her Fed. R. Civ. P. 52(b) motion to amend findings. Previously, the district

court, upon recommendation of the magistrate judge, Holmes v. Grant Cty. Sheriff

Dep't, No. 18-cv-00189-JB-GBW, 2018 WL 4941135 (D.N.M. July 31, 2018),

granted a motion to dismiss for failure to state a claim. Holmes v. Grant Cty. Sheriff

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Dep't, 347 F. Supp. 3d 815 (D.N.M. 2018). After the district court entered final judgment, Ms. Holmes filed the instant Rule 52(b) motion, which the district court denied. Holmes v. Grant County Sheriff Dep't, No. 18-cv-00189-JB-GBW, 2018 WL 6514935 (D.N.M. Dec. 11, 2018).

## Background

Ms. Holmes sued the Defendants claiming that they violated New Mexico criminal statutes and her common law and natural rights when they arrested her and towed her car after discovering her driving without a license, registration, or car insurance. Ms. Holmes claims she is a foreign entity and a diplomat of "Bradford Republic" and thus immune from enforcement of state laws and the entry of state agents onto her property. The district court held that neither the New Mexico criminal statutes nor the Foreign Sovereign Immunities Act created a private right of action, and that she had no claim under 42 U.S.C. § 1983. In her motion to amend, she challenged some of the district court's conclusions, adding a few new theories. The district court was not persuaded.

## Discussion

We view the district court's resolution as one under Fed. R. Civ. P. 59(e) as a motion to alter or amend the judgment. Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial; here the district court granted a motion to dismiss as a matter of law and without a trial. Trentadue v.

2

Integrity Comm., 501 F.3d 1215, 1237 (10th Cir. 2015). The case relied upon by the district court under Rule 52(b), Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986), was somewhat unusual in that the district court tried the case based upon the written evidence. Be that as it may, the district court did not abuse its discretion in denying the motion; Ms. Holmes demonstrated none of the well-established grounds warranting relief under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge